CONNOR, J., dissenting, arguendo.
The action was to recover damages for the alleged negligent killing of plaintiff's intestate. Forty-seven exceptions were entered during the progress of the trial, the last being a motion to dismiss as in judgment of nonsuit, which was allowed by the court. In apt time motion was made in this Court to dismiss the appeal for noncompliance with the rules of *Page 308 
Court as to the assignment of errors. The rules applying to the subject, being Rule 19, subdiv. 2, and Rule 27, appear in 140 N.C.
The statement purporting to be an assignment of errors, appearing just after the statement of case on appeal and offered as a compliance with the rules referred to, is as follows
1. The rulings of the court in excluding the evidence as noted in the first exception, second exception, third exception, fourth exception, fifth exception, sixth exception, seventh exception, eighth exception, ninth exception, tenth exception, eleventh exception, twelfth exception, thirteenth exception, fourteenth exception, fifteenth exception, sixteenth exception, seventeenth exception, eighteenth exception, nineteenth exception, twentieth exception, twenty-first exception, twenty-second exception, twenty-third exception, twenty-fourth exception, twenty-fifth exception, twenty-sixth exception, twenty-seventh exception, twenty-eighth exception, twenty-ninth exception, thirtieth exception, thirty-first exception, thirty-second exception, thirty-third exception, thirty-fourth exception, thirty-fifth exception, thirty-sixth exception, thirty-seventh exception, thirty-eighth exception, thirty-ninth exception, fortieth (414) exception, forty-first exception, forty-second exception, forty-third exception, and forty-fourth exception.
2. To the ruling of the court as noted in the forty-fifth exception.
3. To the ruling of the court as noted in the forty-sixth exception.
4. To the judgment of nonsuit as noted in the forty-seventh exception
After stating the facts: The first portion of Rule No. 27 which is in substance taken from the statute (Revisal, sec. 591), provides as follows: "Every appellant shall set out in his statement of case settled on appeal his exceptions to the proceedings, ruling, or judgment of the court, briefly and clearly stated and numbered. When no case settled is necessary, then within ten days next after the end of the term at which the judgment is rendered from which an appeal shall be taken or in case of a ruling of the court at chambers and not in term-time within ten days after notice thereof, appellant shall file the said exceptions in the office of the clerk of the court below. No exception not thus set but or filed and made a part of the case or record shall be considered by this Court, other than exceptions to the jurisdiction or because the complaint does not state a cause of action, or motions in arrest for the insufficiency of an indictment." Subdivision 2, Rule 19, is as follows "All the exceptions relied on, grouped and numbered, shall be set out *Page 309 
immediately after statement of case on appeal." And Rule 20, establishing the method by which Rule 19 may be enforced, is as follows: "If any cause shall be brought on for argument and the above regulations shall not have been complied with, the case shall be dismissed or (415) put to the end of the district or the end of the docket, or continued, as may be proper. If not dismissed, it shall be referred to the clerk or some other person to put the record in the prescribed shape, for which an allowance of $5 will be made to him, to be paid in advance in each case by the appellant, or the appeal will be dismissed."
These rules (19 and 20) refer to exceptions which have been properly assigned for error in accordance with Rule 27 and the section of the statute (Revisal, sec. 561), and the proper observance of all of them is required for the orderly and efficient disposition of causes on appeal. They will not usually be complied with by making a short excerpt from the stenographer's notes, incomplete in themselves and giving no indication of their real bearing upon the question involved. In the excitement of a nisi prius trial and the hurry and confusion that sometimes attend it counsel not improperly note many exceptions which on reflection they will readily see can have no possible effect on the result. And it is required that in making a statement of these cases on appeal, which can be done in more deliberate circumstances and after examination and further reflection, they will only assign for error those exceptions which may in some way have operated to their client's prejudice. If the exception be to a ruling of the court on a question of evidence, the testimony should be to set out that its relevancy can be seen. And if the exception is to some other ruling of the court or some other matter Occurring at the trial, the ruling itself or the attendant facts and circumstances should be so stated that its bearing on the controversy could be perceived to some extent in reading the assignment itself. And when the exceptions have been properly assigned and have become a part of the case on appeal, they should be numbered and grouped and their placing in the record given, in compliance with subdivision 2, Rule 19; for this, like Rule 27, refers to exceptions which are designed and intended to be appellant's assignments of error. Just what will be considered in all (416) cases a compliance with this requirement cannot be laid down with any great exactness, nor should it be harshly or arbitrarily enforced, and the Court must rely to a great extent upon the good sense and intelligence of counsel and the commendable disposition they have always shown in aiding the Court to a proper consideration of their causes on appeal.
Speaking of this rule, in 2 Pleadings and Practice, p. 943, we find it treated as follows: "Just what will constitute a sufficiently specific *Page 310 
assignment must depend very largely upon the special circumstances of the particular case; but always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is. The assignment must be so specific that the Court is given some real aid and a voyage of discovery through an often voluminous record not rendered necessary."
Rules 19 and 20 are framed in accordance with the principle indicated in this citation, and it will be noted that, while the appeal may in proper cases be dismissed, if the defect is not of a serious character, but one that could be readily corrected, provision is made by which this last course may be pursued. With a desire to impress the importance of these rules upon counsel and to invoke their assistance and support in making them efficient and workable, we repeat what is said concerning them in Lee v.Baird, 146 N.C. 362: "These rules, published in 140 N.C. 660, have been adopted after extended and careful reflection and because they were found necessary to a proper performance of the public business of the Court, not alone with reference to its reasonable dispatch, but in giving the Court a more accurate understanding of causes on appeal, thereby greatly aiding us in an intelligent consideration of the questions presented and to a determination of controversies on their real merits. (417) Furthermore, a proper compliance with the rules here in question (Rule 19, subdiv. 2, and Rule 21) is fair and just to Opposing counsel, giving them, as it does, an opportunity to know the positions they will be required to discuss, to the end that they will be better prepared to aid the Court in making true deliverence on the rights of parties, the purpose which we all have most earnestly at heart. And it may be well here to note that in many instances it would be no fair observance of Rule 19, subdiv. 2, simply to make excerpts from a stenographer's notes of any and every exception taken in the hurry and excitement of anisi prius trial. The counsel for the appellant, in `grouping and stating' the exceptions relied on by him, should give the matter his earnest consideration, that the Court may also have the benefit of his judgment and fuller information as to the real questions involved in the controversy. It is not our desire or purpose to be unreasonable or exacting in respect to this last suggestion. It is made rather with the view of impressing upon counsel our deep sense of the importance and value of their giving to the Court in its decisions of these causes on appeal the benefit of their reflection and careful preparation."
Applying what has been said here to the present case on appeal, it will be readily seen that there has been no compliance with the rules we have been discussing. To ascertain the exceptions which are material and *Page 311 
their bearing on the questions at issue would require a prolonged and careful study of the entire case. To refer the case to the clerk to be reformed and corrected would entail upon that officer an amount of labor which would be entirely unreasonable and which in the time allowed him for the work might result in grave injustice to the appellant himself or to the appellee, or both.
For the reason given we are of opinion that the appeal should be dismissed, and it is so ordered.
Appeal dismissed.