SARAH L. McDOWELL v. J. S. KENT COMPANY.

(Filed 7 December, 1910.)

1. Appeal and Error—Assignments—Notice—Appellee's Counsel.

To meet the requirement of rule 19 (2), the assignments of error should be grouped and numbered and come up as part of the record on appeal, placed either just before or more properly after the signature of the judge. When filed in the Supreme Court only on the day before the case is called for argument, this does not give appellee's attorney time to prepare and present his brief upon the points relied upon on appeal.

2. Appeal and Error—Assignments of Error—Requisites.

In the assignments of error required by rule 19 (2), the court desires that *bona fide* exceptions relating to points determinative of the appeal be clearly and intelligently stated, with so much of the evidence, or of the charge, or other matter or circumstance as shall clearly present the matter to be debated.

**3. Appeal and Error—Reinstate—Properly Dismissed—Assignments of Error.**

A motion to reinstate a case on appeal must be denied when based on the same grounds upon which it was properly dismissed, in this case, the failure of appellant to set out the assignments of error required by rule 19 (2).

APPEAL by defendant from *Councill, J.,* at the June Term, 1910, of YANCEY.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*J. Bis Ray, Gardner & Gardner* and *Adams & Adams* for plaintiff.

*Watson, Hudgins & Watson* and *J. T. Perkins* for defendant.

CLARK, C. J. This is a motion to affirm the judgment in this case because of a failure to observe the rule which requires an assignment of errors to come up in the record in each case. Rule 19 (2) and rule 21, 140 N. C., 660. The appellant resisted the motion on the ground that he had filed the assignments of error the day before the beginning of the call of the docket of the district, to-wit, on Monday of that week. This defense loses sight of one of the chief objects of the rule, which is that the appellee's counsel may have notice of the points upon which he must prepare his brief.

Though this matter has been often called to the attention of the profession and our determination expressed to enforce the rule, such cases as this occasionally occur. It is of the utmost importance that any rule shall be impartially applied. It would be the greatest injustice to apply it in some cases and not in all.

There is a clear-cut distinction between exceptions and assignments of error. Exceptions must be taken during the trial, and be entered at the time—except exceptions to the charge which may be filed within ten days after the trial, and that the complaint does not state a cause of action, or that the court has no jurisdiction (which last two may be taken at any time, even in this Court, and *ore tenus*). Exceptions if not taken at the proper time are waived. Hence, in the hurry and stress of a trial, numerous exceptions are taken out of abundant caution. The record must show that they were taken in apt time.

When, however, the appellant makes up his case on appeal, it is his duty to go over the record and select out all the exceptions upon which he intends to rely on the discussion in this Court, adding so much of the evidence or other matter which is necessary to "point" the assignment of error. These assignments of error are then required to be placed at the end of the case on appeal before, or more properly just after the judge's signature.

This requirement of an assignment of errors is universal in appellate courts. In *Jones v. R. R.,* at this term, we reviewed in this particular the rules in other jurisdictions, showing that they were much more stringent than ours. But for this requirement, the appellate court would be required to go through the entire record and examine the exceptions one by one, even though the appellant himself had ceased to rely upon some of them. By selecting the exceptions which the appellant has collected from the record and grouped at the end of the case the Court can much more speedily grasp the case, and the points to be debated. There is the further object, that the appellee's counsel, in the same manner may know exactly what points the discussion will be restricted to and prepare his argument and brief to meet them. Otherwise he might spend much of his time and incur expense in printing a brief to meet exceptions which the appellant will wisely discard in presenting his case. The assignments of error therefore must come up in the record on appeal. If by any accident, without negligence on the part of the appellant, the assignment of errors is omitted the appellant can by prompt action apply to this Court, upon notice to the appellee, for a *certiorari* to send up the omitted assignment of errors. But the appellant certainly cannot thus amend his record as was here attempted, by his own action in causing the assignment to be sent up. Nor could he get a *certiorari* from the court by application therefor at so late a day as in this case, unless under very exceptional circumstances. It would be unfair to the appellee to thus force him into a trial without an opportunity to prepare a brief directed to the points in controversy or to ask for six months delay because of the carelessness of the appellant.

In *Jones v. R. R.,* at this term, we have gone very fully into this matter and have shown the necessity for this rule and cited the cases in which we have repeatedly enforced it. In that case the exceptions were all properly taken and were scattered along through the record, but there was no assignment of errors at the end of the case, which gathered up and grouped the exceptions which were intended to be relied upon.

In *Thompson v. R. R.,* 147 N. C., 412, there is a very clear discussion of the requirements as to assignments of errors, and of the method in which they must be set forth. The court will not accept a mere colorable compliance such (as in that case) as entering the "first exception is the first assignment of error," etc. This would give no information whatever to the Court, for it would necessitate turning back to the record to see what the exception was. What the Court desires, and indeed the least that any appellate court requires, is that the exceptions which are *bona fide* be presented to the Court for a decision, as the points determinative of the appeal, shall be stated clearly and intelligibly by the assignment of errors and not by referring to the record, and therewith shall be set out so much of the evidence or of the charge or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated.

This requirement of the Court is not arbitrary but has been dictated by its experience and from a desire to expedite the public business by our being enabled to grasp more quickly the case before us and thus more intelligently follow the argument of counsel. In this practice we have followed what has long been adopted by other courts.

This Court is decidedly averse to deciding any case upon a technicality or disposing of any appeal otherwise than upon its merits. But having adopted this rule from a sense of its necessity, and having put it in force only after repeated notice, and having uniformly applied it in every case since we began to do so, it is absolutely necessary that we observe it impartially in every case.

That the rule has not been difficult to observe, and that the profession have loyally observed it, is shown by the fact that on

an average our records show that the failure to do so does not exceed two appeals in a thousand. We trust that there will be none hereafter.

The appellant moved to reinstate, but as the motion is based upon the same facts, as before, it must be denied, and there being no error upon the face of the record proper, and no assignment of errors, the judgment below is

Affirmed.