## B. B. KELLER v. THE CHAMPION FIBER COMPANY.

(Filed 23 December, 1911.)

1. Appeal and Error—Assignments of Error—Placing.

   The exceptions grouped and relied on by the appellant in the Supreme Court are properly placed at the end of his case on appeal.

2. Negligence—Contributory Negligence—Questions for Jury.

   Whether the brakeman on defendant's train was guilty of contributory negligence or whether the plaintiff was negligent in this case, are for the jury, the evidence on plaintiff's part tending to show that the injury was inflicted by the defendant's negligence in sending cars down a heavy grade of track without proper brakes or an engine attached.

3. Evidence—Contributory Negligence—Nonsuit.

   A motion to nonsuit on the issue of contributory negligence can only be sustained when the facts necessary to constitute contributory negligence are established by the evidence of the plaintiff.

APPEAL from *Cline, J.,* at May Term, 1911, of JACKSON.

These issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his own injury? Answer: No.

3. What damage is plaintiff entitled to recover? Answer: $6,000.

From the judgment rendered the defendant appealed.

*Walter E. Moore and Moore & Rollins for plaintiff.*

*P. H. C. Cabell, Martin & Wright, Bourne, Parker & Morrison, Bryson & Black for defendant.*

PER CURIAM. The plaintiff moved the Court to dismiss the defendant's appeal for the reason that the exceptions relied on are not grouped and numbered immediately after the end of the case on appeal, as required by Rules 19 and 21 of this Court (140 N. C., 660).

The Court is of opinion, upon an examination of the record, that the assignments of error are properly placed at end of

case on appeal, and that assignments Nos. 1 and 2, relating to the refusal to sustain the motions to nonsuit the plaintiff, are properly assigned and worded and that defendant is entitled to have them passed upon by the Court. But the majority of the Court is of opinion that the remaining assignments, all of which relate to the charge of the judge and the refusal to give special instructions asked by defendant, are not fully or properly assigned, and come within the rulings of this Court in *Thompson v. R. R.,* 147 N. C., 413; *Lee v. Baird,* 146 N. C., 361; *Smith v. Manufacturing Co.,* 151 N. C., 260.

Taking into consideration the motions to nonsuit, the Court is of opinion that they were properly denied.

There is much conflicting evidence upon the material issues of fact, but the evidence of the plaintiff tends to establish that he was brakeman on defendant's logging railroad; that in March, 1910, the defendant's superintendent directed plaintiff to let a string of eight cars, heavily loaded, run down the mountain incline grade without an engine attached; that in obedience to orders, plaintiff did so; that the cars ran into a cow and pushed it some distance on track and were then derailed, in consequence of which plaintiff was seriously injured; that had the engine been attached it could have controlled the cars and the derailment would not have occurred; that the brakes were defective, out of order, and failed to stop the cars when applied; that plaintiff was furnished with only one person to assist in controlling the cars, and that was insufficient in the absence of the engine.

Upon the issue of contributory negligence, the Court is of opinion that motion to nonsuit can only be sustained when the facts necessary to constitute contributory negligence are established by the evidence of the plaintiff. In this case the evidence offered by plaintiff does not of itself make out contributory negligence upon his part. On the contrary, it tends strongly to rebut such defense.

The judgment of the Superior Court is
Affirmed.