. CURA L. WHEELER v. ROMULUS R. COLE.

(Filed 10 December, 1913.)

1. Appeal and Error—Assignment of Error—Motion to Affirm—Alternative Motion.

A motion to affirm the judgment of the Superior Court is the proper one for the appellee to make when the appellant has not properly assigned the alleged errors in the case on appeal according to the rule of the Supreme Court; and a motion of this character made in the alternative is sufficient in form.

2. Appeal and Error—Assignment of Error—Judgment Affirmed—Record Proper.

The Supreme Court will affirm the judgment of the lower court where the appellant has not assigned his errors in .the case appealed, according to the rule, when no error, upon examination, is found in the record proper.

3. New Trial—Newly Discovered Evidence.

A motion for a new trial based upon allegations of newly discovered evidence is denied under the authority of *Johnson v. R. R.*, 163 N. C., 431.

APPEAL by defendants from *Adams, J.*, at March Term, 1913, of BUNCOMBE.

*Mark W. Brown for plaintiff.*
*J. H. Merrimon for defendant.*

PER CURIAM. Plaintiffs, appellees, moved in this Court to dismiss the appeal or to affirm the judgment, because the errors alleged by the appellants were not properly assigned in the case on appeal and in accordance with the well settled rule of this Court. The proper motion is to affirm, as we are required to examine the record, even if no errors are assigned in the case on appeal or there is no case on appeal at all. But plaintiff has submitted his motion in the alternative, which is usual, and it is sufficient in form. Upon examination of the record, we find there are fifteen exceptions, and nine of them are taken to the charge of the court, when it is not in the record, and, therefore, not before us (*Todd v. Mackie,* 160 N. C., 352), but only the exceptions to it. The first exception is to the rejection of issues

tendered, which are not in the record, and therefore we cannot review this ruling. One of the exceptions, the eleventh, is to the modification of a request for an instruction, and two, the twelfth and thirteenth, are to the refusal of instructions, and the last two are merely formal. None of them, however, complies with the rule of this Court, and we must affirm the judgment for this reason, as we find no error in the record. We have gone carefully through the record, examined the exceptions as they appear in the body of the record, and we find no substantial error.

One of the principal grounds of complaint, as stated in the brief, but not in the assignment or the exception, is that the judge submitted the issues to the jury upon testimony separately as to the execution of the notes by George W. Cole and wife to the plaintiffs, and that Romulus Cole accepted the deed to himself upon an agreement to pay them at the death of his father and mother, when there is no allegation or sufficient proof of these matters, and in the defendant's brief attention is directed to what was said by the witness J. B. Hyder, which it is contended is the only testimony on the point, and fails signally to prove the said facts so stated to the jury or to be any evidence of them.

There are several answers to this exception, though one is sufficient:

1. The exception is taken to several distinct matters, some of which are clearly correct, and it is not pointed to the alleged infirmity in the proof alone.

2. The judge, at that part of his charge, was evidently stating the contentions of the parties as to the force and effect of the evidence taken as a whole, and his reference to Hyder's testimony was not intended to restrict the consideration of the jury to it alone, but was merely one part of an entire recital of the contentions made by the respective parties, with a subsequent direction to weigh all of the testimony. It may be added that if the suggested allegation was not made in the complaint, the proof was hardly a substantial variance from the one that was there; the question, at last, being whether Romulus Cole had agreed to pay the plaintiff the several amounts mentioned, and

if he did, the particular form of the agreement was not essential. The charge is to be considered as a whole, and when thus viewed, if it appears that the jury must have understood it, error in a single expression of the judge is not sufficient ground for a reversal. *Aman v. Lumber Co.,* 160 N. C., 369; *Penn v. Insurance Co., ibid.,* 399. As well as we can infer what was the substance of the whole charge from the portions detached and excepted to, we think that it fully covered the legal merits of the case and was delivered by the judge with his usual clearness and accuracy.

We are compelled to affirm the judgment upon another ground already stated, if we follow the numerous precedents in this Court. But we have examined the record with the greatest care, to see if any substantial injustice has been done, and our opinion is that the case is free from error, and, at least, from any reversible error, and that it has been fairly tried upon its real merits.

We deny the motion for a new trial, based upon the allegation of newly discovered evidence, because we do not think it has been brought within the rules which govern in such cases and which were restated in *Johnson v. R. R.,* 163 N. C., 431; and among other reasons covered by these rules, it does not appear to us probable, under the circumstances disclosed in the papers, that if a new trial were ordered the result would be changed.

While we have commented upon the principal exceptions to some extent, we will repeat what has been said by us in many similar cases. The appellant failed to comply with the rule which requires errors to be assigned by stating in a clear and intelligible manner those to which exceptions were taken during the course of the trial. We are not required, therefore, to consider the case upon its merits, but only to examine the record, which we have done, and find no error therein. The appellee moved to affirm the judgment under the rule as construed by this Court in *Davis v. Wall,* 142 N. C., 450; *Marable v. R. R.,* 142 N. C., 564; *Lee v. Baird,* 146 N. C., 361; *Thompson v. R. R.,* 147 N. C., 412; *Ullery v. Guthrie,* 148 N. C., 417; *Smith v.*

FISHER *v.* LUMBER CO.

*Manufacturing Co.,* 151 N. C., 260; *Pegram v. Hester,* 152 N. C., 765; *McDowell v. Kent,* 153 N. C., 555; *Jones v. R. R., ibid.,* 419; *Hobbs v. Cashwell,* 158 N. C., 597.

As the case is now presented to us, we must allow the motion and affirm the judgment. This rule has been frequently called to the attention of counsel throughout a long period of years. It has been substantially adopted by all other courts, and, perhaps, in all of them it is enforced more rigidly than with us. It bears equally on all, and should be observed, as it is intended for the benefit of litigants and counsel as well as for the better transaction of business in this Court and the more intelligent disposition of causes. It is easily complied with, if our brethren of the bar will endeavor to meet its requirements. There is no hardship imposed by it, unless we follow the implied suggestion that it be not enforced in some cases, whereas it should be in all equally and with absolute impartiality. If we should fail the least in this respect, it would, of course, be intolerable. But it is sufficient to say that it is a rule of this Court of many years standing, and while it continues as such, it must be enforced alike as to all.

Affirmed.