MARTHA REGISTER, ADMINISTRATRIX OF JAMES C. REGISTER,
v. TIDEWATER POWER COMPANY.

(Filed 1 April, 1914.)

1. Appeal and Error—Assignments of Error—Insufficiency.

Assignments of error which do not inform the Court upon the error alleged will be disregarded, and in this case they are held insufficient.

2. Electric Company — Master and Servant—Incidental Dangers— Trials—Negligence—Nonsuit.

The plaintiff sues an electric power, etc., company for the killing of her intestate, alleging negligence on the part of the defendant in not shutting off its current while the intestate, an employee, was engaged in his employment of working upon the wires of the company: *Held,* the intestate assumed the risks of all danger necessarily incident to the employment he was engaged in, and it appearing from the testimony of his own witnesses that the injury would not have occurred had he used the rubber gloves furnished him, and that he was an experienced person and should have known the danger in thus acting, a judgment as of nonsuit upon the evidence was properly rendered. The effect of the Fellow-Servant Act in its application to common carriers discussed by CLARK, C. J.

APPEAL by plaintiff from *Rountree, J.,* at October Term, 1913, of NEW HANOVER.

*William J. Bellamy and John D. Bellamy & Son for plaintiff.*

*Davis & Davis and K. O. Burgwyn for defendant.*

CLARK, C. J.   The defendant moves to dismiss the appeal because the assignment of errors does not set out the exceptions and group them, but simply refers to the exceptions themselves.

The first assignment of error is: "The court erred in allowing the motion of the defendant to strike out certain portions of the complaint, as set forth in the first exception."

The second assignment of error is: "The refusal of the court to admit certain testimony, as set forth in the second exception." The assignments of error 3, 4, 5, and 6 are of like tenor.

These assignments give the Court no information, and must be disregarded. *Porter v. Lumber Co.,* 164 N. C., 396; *Keller v. Fiber Co.,* 157 N. C., 575; *Jones v. R. R.,* 153 N. C., 419; *Smith v. Manufacturing Co.,* 151 N. C., 260; *Thompson v. R. R.,* 147 N. C., 413; *Lee v. Baird,* 146 N. C., 361. If these were the only assignments of error, the appeal would be dismissed. But the seventh assignment of error is for "sustaining the motion to nonsuit," which is as full as that can be made, and the eighth assignment is to the judgment, which being a matter on the face of the record proper, is deemed excepted to without any assignment. *Reade v. Street,* 122 N. C., 301.

The whole case, therefore, depends upon the correctness of the judgment of nonsuit.

The plaintiff's intestate was one of a gang of men employed by the defendant in removing certain electric light and power wires in Wilmington, N. C., from one pole to another, in the daytime, in June, 1912, on a clear, dry day. While engaged in this work the plaintiff's intestate received an electric shock which killed him.

This action for wrongful death is based entirely upon the fact that the defendant did not shut off its current while the plaintiff's intestate was working on the wires. The plaintiff's witness Womack testified that it is "not customary, nor is it necessary, to do so." He testified that the employees of the company stood no possible danger of any injury in this work if they followed the directions of their employer and properly used the instrumentalities furnished them for their safety. He said that if Register had used the rubber gloves furnished him by the company he would not have been hurt. Register was an experienced electrician, had been working for the company eight years, and knew well the dangers incident to his employment. He knew that he could work in perfect safety upon any one of these wires, no matter how high the voltage, if he did not let himself come in contact with other wires, thus making a short circuit. Womack testified that the deceased was subjected to no unusual or extraordinary risks. He assumed the dangers necessarily incident to his employment, which was one

of obvious and constant danger to those who did not employ caution and care and who failed to use the safeguards which were furnished them. There is no claim that the defendant could have made the risk less, or avoided the danger, by any means except by cutting off the current.

The plaintiff's witness Womack testified that if they had cut out the current at the power plant they would have cut out the entire light and power energy for the whole city for half a day. He further testified that it would have been just as dangerous to "cut out the wires" as to do the work they were doing. In sum, the testimony is that Register was not exposed to any risk beyond that incident to the business; that he was furnished with all necesssary safe appliances, and that if he had used them he would not have been hurt.

The "Employment Liability" acts in thirty-eight States of the Union, the Federal statute, and similar acts in England, France, Germany, Australia, and in some other countries, have abolished the defenses of assumption of risk and contributory negligence, in whole or in part; but this has been done in this State only as to common carriers. Laws 1913, ch. 6. The plaintiff quotes the very just statement of Mr. Asquith, Prime Minister of Great Britain, that it is "revolting to every sentiment of·justice that men who meet with death or injury through the necessary exigencies of their daily work should entail the whole loss upon their families." But to place any part of such loss upon the employer when free of negligence requires legislation, which has not yet been enacted here as to all employments.

There was no evidence for the defendant. The court, at the conclusion of the plaintiff's testimony, properly held that no actionable negligence on the part of the defendant had been shown. The judgment of nonsuit is

Affirmed.