GILES ROGERS ET ALS. *v.* SUSAN H. JONES AND HUSBAND.

(Filed 4 October, 1916.)

**1. Appeal and Error—Assignments of Error—Rules of Court.**

The rules of the Supreme Court regulating appeals are necessary for the proper consideration of the public business and will be impartially enforced against all litigants; and where the assignments of error are not comprehensive enough to give a clear idea to the court of the matters to be debated without examining the record, they will not be considered, as, on this appeal, "to the question and answer in the admission of the evidence" of a certain witness, "as contained in the exception 1 on page —— of the record"; and the giving of proper page will not cure its insufficiency.

**2. Deeds and Conveyances—Delivery—Intent—Control of Grantor—Presumptions—Burden of Proof.**

An instruction as to the valid delivery of a deed, that should the jury find that the grantor intended to part with the deed to his wife, the grantee, under the evidence in this case, and lose legal control over it, he had no right to take it back, and that upon its registration, whether before or after the grantor's death, the burden shifted to the other side to rebut the presumption of a valid delivery, is held to be a correct charge.

APPEAL by plaintiffs from *Allen, J.*, at January Term, 1916, of DUPLIN.

*Gavin & Wallace, George R. Ward, and Thad. Jones for plaintiffs.*
*H. D. Williams and Stevens & Beasley for defendants.*

CLARK, C. J. This is an action to set aside a deed under which the defendants claim on the ground that it had never been delivered, the lack of sufficient mental capacity from the grantor to execute the same, and undue influence. The jury found all three issues in favor of the

defendants. The trial seems to have hinged, however, almost solely upon the question whether there had been a sufficient delivery.

The assignments of error, except 6, 7, 8, and 9, are totally insufficient and must be disregarded. The first assignment is: "1. To the question and answer in the admission of the evidence of the witness J. R. Jones as contained in the exception 1 on page ... of the record." In the same form are the other exceptions other than the four above stated. For example, exception 10 is "To the refusal of the court to give the plaintiffs' prayer for instruction, No. 1, as contained in the plaintiffs' 13th exception (see page ... of the record)." These would be insufficient even if the blanks had been filled up. In *McDowell v. Kent,* 153 N. C., 555, the Court, citing numerous cases, said: "In *Thompson v. R. R.,* 147 N. C., 412, there is a very clear discussion of the requirements as to assignments of error, and of the methods in which they must be set forth. The Court will not accept a mere colorable compliance, such as entering the 'first exception is the first assignment of error,' etc. This would give no information whatever to the Court, for it would necessitate turning back to the record to see what the exception was. What the Court desires, and, indeed, the least that any appellate court requires, is that the exceptions which are *bona fide* presented to the Court for a decision, as the points determinative of the appeal, shall be stated clearly and intelligibly by the assignment of errors, and not by referring to the record, and therewith shall be set out so much of the evidence, or of the charge, or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated."

"This requirement of the Court is not arbitrary, but has been dictated by its experience and from a desire to expedite the public business by our being enabled to grasp more quickly the case before us and thus more intelligently follow the argument of counsel. In this practice we have followed what has been adopted by other courts."

"This Court is decidedly averse to deciding any case upon a technicality or disposing of any appeal otherwise than upon its merits. But having adopted this rule from a sense of its necessity, and having put it in force only after repeated notice, and having uniformly applied it in every case since we began to do so, it is absolutely necessary that we observe it impartially in every case."

"That the rule has not been difficult to observe, and that the profession have loyally observed it, is shown by the fact that on an average our records show that the failure to do so does not exceed two appeals in a thousand. We trust that there will be none hereafter."

This case has been repeatedly cited and applied since. See citations in Anno. Ed. to *Thompson v. R. R.,* 147 N. C., 412, especially *Barringer v. Deal,* 164 N. C., 249, and cases cited, and *Porter v. Lumber Co.,* 164 N. C., 396, reviewing the cases and citing with approval in italics the

following quotation from *Hoke, J.,* in *Thompson v. R. R.:* "Always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is. The assignment must be so specific that the Court is given some real aid and a voyage of discovery through an often voluminous record not rendered necessary." The subject is fully discussed in this last cited case. See, also, *Register v. Power Co.,* 165 N. C., 234, where the Court holds that assignments identical with those in this case "give the Court no information, and must be disregarded," citing several cases, and *Carter v. Reaves,* 167 N. C., 132, where the Court holds that "such assignments cannot be considered."

As the Court has repeatedly stated, these rules have not been arbitrarily made, but experience has shown us that they are necessary for the proper consideration of the public business coming before us, and will be impartially enforced against all litigants. If a case is worth bringing to this Court for review, counsel should think it worth the trouble to present it in the manner required by the statute and the rules of the Court.

As to the four assignments of error, 6, 7, 8, and 9, which are properly made, they are all to the charge of the court on the question of delivery, and we find no error. The charge of the court was that on the question of delivery the jury should find whether the plaintiff "intended to part with the deed and lose legal control of it, and that if the grantor parted with the deed absolutely, then he would have no right to take it back. If he parted with it, holding control over it, then he would. Then you have a question there to consider, because it is a man and his wife, as to what the intention was."

Exceptions 8 and 9 are to an instruction that where a deed has been recorded, whether after or before the death of the grantor, it is presumed to have been delivered, and the burden shifts to the other side to rebut that presumption. This is familiar law, and it is clearly so stated by *Brown, J., Fortune v. Hunt,* 149 N. C., 362, citing numerous cases.

No error.