### J. H. MYROSE v. NANNIE SWAIN ET ALS.

#### (Filed 11 October, 1916.)

**1. Appeal and Error—Reference—Findings of Fact.**

> The findings of fact under a consent reference, and approved by the trial judge, are conclusive on appeal when there is evidence to support them.

**2. Appeal and Error—Assignments of Error—Rules of Court.**

> Assignments of error must be clearly and intelligently stated so that the Court will not have to look at exceptions therein referred to in order that they may be understood; for otherwise they will not be considered on appeal. *Thompson v. R. R.*, 147 N. C., 412, cited and applied.

**3. Same—Objections and Exceptions—Judgments.**

> Where a judgment, based upon findings of fact by a referee, and approved by the court, is assigned for error on appeal, and the facts so found are conclusive, the assignment, so far as it relates to the facts, is scarcely more than formal, the judgment being a conclusion of law thereon.

HOKE, J., dissenting.

APPEAL by defendants from *Bond, J.,* at April Term, 1916, of ONSLOW.

*Rodolph Duffy, E. M. Koonce, and G. V. Cowper for plaintiff.*
*J. F. Wooten and Woodus Kellum for defendants.*

CLARK, C. J. This is an action to recover damages for breach of contract. A counterclaim was filed by the defendants. By consent, the cause was referred to Frank Thompson, referee, who duly filed his report, to which the defendants filed ten exceptions to the findings of fact, but none of them on the ground that there was no evidence, and one exception to the conclusion of law, which was to the amount of the

award in favor of the plaintiff, which was based upon the findings of fact. The court overruled all the exceptions and affirmed the judgment of the referee. The findings of fact are, therefore, conclusive, as the findings of a jury would be. There was a nonsuit as to Atlantic Coast Line Railroad Company.

On this appeal the defendant makes twelve assignments of error, all of which are in the following form: (1) "The court committed error in overruling the first exception as set out under the first exception," and the following eleven exceptions are in the same form. These assignments are wholly insufficient. The matter was fully discussed by *Hoke, J.,* in *Thompson v. R. R.,* 147 N. C., 412, where the Court held that exactly the same method of assignment was insufficient because it "would give no information whatever to the Court, for it would necessitate turning back to the record to see what the exception was. What the Court desires, and, indeed, the least that any appellate court requires, is that the exceptions which are *bona fide* presented to the Court for decision, as the points determinative of the appeal, shall be stated clearly and intelligibly by the assignment of errors, and not by referring to the record, and therewith shall be set out so much of the evi-dence or the charge, or other matter or circumstance (as the case may be), as shall be necessary to present clearly the matter to be debated."

This ruling has been followed impartially ever since, and has been reviewed and reaffirmed at this term in *Rogers v. Jones,* citing many of these cases. For this reason, and because, also, that all the other assignments are to findings of fact, the only valid assignment of error is the thirteenth, "That the court committed an error in signing the judgment which was filed in this cause." This, however, is scarcely more than a formal assignment, since the findings of fact are conclusive, as they have been approved by the judge, and there is evidence to sustain them. The judgment is a matter of law, and upon such findings of fact is correct.

The plaintiff had taken in charge a sawmill and its equipment from the defendants Swain and wife, with an agreement to saw the timber of the defendant into shingles of a certain size and description for the sum of $2 per thousand, agreeing to keep the property in good order and return it in the same condition, less the usual wear and tear; said sum to be paid out of the returns from the sale of the shingles, which was to be made by the defendants. The plaintiff claimed that he performed his part of the contract, but that the defendants had failed to make the payments of $2 per thousand, and brought this action to recover for the same and for the loss of time and other expenses caused plaintiff, who was thereby hindered in running the plant. The defendants counter-

claimed upon the ground that the property had not been kept in good condition. The referee found that the defendants failed to pay the plaintiff, as stipulated, as soon as the returns were received from the sale of the shingles, causing the plaintiff the incidental damage of $100, and that the sawmill and plant had not been kept in as good condition as agreed, and allowed the defendants' counterclaim for $100; that the defendants were indebted to the plaintiff on account of sawing the shingles $568.18 and $36.71 for failure of defendants to furnish logs necessary to keep the tramroad in repair, and rendered judgment for the sum of $604.87.

Upon the findings of fact the judgment rendered was correct.
Affirmed.

HOKE, J., dissenting.