CONLEY GREENE, ADMINISTRATOR, v. PRESS DISHMAN ET AL.

(Filed 15 June, 1932.)

**Appeal and Error F c—Assignment of error should show the question sought to be presented without the necessity of searching through the record.**

Assignments of error to rulings of the court on a question of evidence should set out the testimony, in substance at least, and assignments of error as to other rulings should set out the attendant facts and circumstances, so that the court may determine the question sought to be presented without searching through the record.

APPEAL by defendants from *MacRae, Special Judge,* at November Special Term, 1931, of WATAUGA.

Civil action to recover the value of certain personal property belonging to the estate of R. W. Guy, which, it is alleged, the defendants converted to their own use before the appointment of plaintiff as administrator of the estate of the deceased.

From a verdict and judgment in favor of the plaintiff, the defendants appeal.

*Bingham, Linney & Bingham for plaintiff.*
*Trivette & Holshouser and W. R. Lovill for defendants.*

STACY, C. J. The record contains ten assignments of error, of which the first and second may be taken as illustrative:

"1. That the court erred in sustaining the objection of plaintiff as shown by exception No. 1, Record page 8.

"2. That his Honor committed error as shown by exceptions 2 and 3, Record pages 8 and 9."

It was said in *Thompson v. R. R.,* 147 N. C., 412, 61 S. E., 286, that a proper assignment of error to the ruling of the court on a question of evidence requires the testimony to be set out, in substance at least, so its relevancy can be perceived. And as to other rulings, it is essential that the attendant facts and circumstances be stated so their bearing on the controversy can be seen, to some extent, by reading the assignments themselves. See, also, *Baker v. Clayton, ante,* 741, and *In re Beard's Will, ante,* 661.

"The Court will not accept a mere colorable compliance, such as entering the 'first exception is the first assignment of error,' etc. This would give no information whatever to the Court, for it would necessitate turning back to the record to see what the exception was. What the

Court desires, and, indeed, the least that any appellate court requires, is that the exceptions which are bona fide presented to the Court for a decision, as the points determinative of the appeal, shall be stated clearly and intelligently by the assignment of errors, and not by referring to the record, and therewith shall be set out so much of the evidence, or of the charge, or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated." *Rogers v. Jones,* 172 N. C., 156, 90 S. E., 117; *Myrose v. Swain,* 172 N. C., 223, 90 S. E., 118.

It will readily be perceived that the assignments of error in the instant case fall short of the requirements of the rule. *Lee v. Baird,* 146 N. C., 361, 59 S. E., 876. Nevertheless, we have examined them and find none of sufficient merit to upset the verdict.

The plaintiff consents that the judgment may be modified so as to separate the liabilities of the defendants, charging each with the value of his or her conversion. This will be done in the Superior Court.

No error.