BUXTON WHITE SEED COMPANY v. ROBERT T. COCHRAN AND COMPANY.

(Filed 14 September, 1932.)

**Appeal and Error F c—Assignments of error in this case held defective.**
   Assignments of error which do not indicate their relevancy to the controversy or show their pertinency to the questions sought to be presented are defective.

Appeal by defendant from *Daniels, J.,* at February Term, 1932, of Pasquotank.

Civil action to recover damages for alleged breach of contract. Denial of liability interposed and counterclaim set up by defendant.

It appearing that an accounting was necessary, on motion of defendant, and over objection of plaintiff, a reference was ordered under the statute.

Both sides filed exceptions to the report of the referee, both tendered issues, and the plaintiff demanded a jury trial.

A jury trial was ordered, and upon the hearing, the plaintiff prevailed. From the judgment on the verdict, the defendant appeals, assigning errors.

*Ehringhaus & Hall for plaintiff.*
*J. H. LeRoy, Jr., for defendant.*

Per Curiam. The record contains eleven assignments of error of which the second and sixth may be taken as illustrative:

Defendant assigns error:

"2. For that the court admitted the evidence over defendant's objection as preserved in exceptions Nos. 2 and 3 (R. pp. 3 and 6)."

"6. For that the court excluded the competent and material evidence important to the defendant as specifically set out in each exception, as preserved by defendant's exceptions Nos. 24, 25, 26, 27, 29 and 30 (R. pp. 43, 44, 45, 46, 48, 49 and 50)."

These assignments of error are defective in that they give no indication of relevancy to the controversy; nor do they show any signs of pertinency to the questions sought to be presented. *Greene v. Dishman,* 202 N. C., 811; *Baker v. Clayton,* 202 N. C., 741. But notwithstanding their deficiency, a careful perusal of the record leaves us with the impression that the case has been tried in substantial conformity to the decisions on the subject.

No error.