STATE v. FRED THOMAS MILLS.

(Filed 19 September, 1956.)

**Criminal Law §§ 78d(1), 78e(1): Appeal and Error §§ 23, 24—**

> Assignments of error to the court's rulings on the admissibility of evidence and to parts of the charge which do nothing more than refer to the page of the record where the alleged errors may be discovered, are insufficient, since the Court should not be compelled to go beyond the assignment itself to learn what the question is. Rule of Practice in the Supreme Court, No. 19(3).

JOHNSON, J., not sitting.
RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Nettles, J.*, Regular June 1956 Mixed Term, McDOWELL Superior Court.

This criminal prosecution originated in the McDowell County Criminal Court on a warrant charging the defendant with the unlawful operation of a motor vehicle on the public highway at a rate of speed greater than that allowed by law, to wit: 80 miles per hour. From a conviction and judgment, he appealed to the Superior Court of Mc-

Dowell County. From an adverse verdict and judgment in the Superior Court, he appealed.

*William B. Rodman, Jr., Attorney General, Robert E. Giles, Assistant Attorney General, for the State.*
*I. C. Crawford, L. C. Stoker for defendant, appellant.*

PER CURIAM. While the defendant duly noted exceptions (1) to the trial court's rulings on the admissibility of evidence and (2) to parts of the charge, his assignments of error do nothing more than refer to the pages of the record where the alleged errors may be discovered. The assignments, therefore, fail to comply with Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 543. "Just what will constitute a sufficiently specific assignment must depend very largely upon the special circumstances of the particular case; but always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829.

However, assignments of error Nos. 10 and 16 do present the question of the sufficiency of the evidence to go to the jury. The evidence in the case as disclosed in the record, when taken in the light most favorable to the State, is sufficient to warrant the verdict and to sustain the judgment thereon.

No error.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.