JULIA ARMSTRONG v. HYMAN H. HOWARD, MELVIN D. HOWARD,
ROBERT McCRAY AND DOCK KELLY SMITH.

(Filed 10 October, 1956.)

**Appeal and Error § 19—**

> The assignments of error must clearly and distinctly set out the asserted
> errors so that the Court is not compelled to go beyond the assignments
> themselves to ascertain the precise questions involved. Rule of Practice
> in the Supreme Court No. 19(3).

APPEAL by plaintiff from *Fountain, J.,* March Term 1956, WILSON.

Plaintiff seeks to recover damages for asserted injuries claimed to
have been sustained as a result of a collision between the motor vehicle
in which she was riding, owned by the defendant McCray, driven by
the defendant Dock Smith, and a motor vehicle driven by defendant
Melvin Howard, alleged to be owned by defendant Hyman Howard.
Defendant Hyman Howard moved for nonsuit when plaintiff rested
and renewed his motion at the conclusion of all the evidence. His
motion was allowed. No exception was taken.

Separate issues were submitted to the jury on the question of whether
plaintiff sustained injuries resulting from the negligence of the driver
of either of the vehicles. The jury answered each issue as to the negli-
gence of each driver in the negative. Thereupon judgment was signed
dismissing the action as upon nonsuit as to the defendant Hyman
Howard. It was further adjudged, in conformity with the verdict, that
plaintiff was not entitled to recover anything of the other defendants.

*Robert A. Farris and Lyon & Lyon for plaintiff, appellant.*
*Lucas, Rand & Rose for defendants McCray and Smith, appellees.*

PER CURIAM. The rules promulgated by this Court are intended to
aid in the performance of its duties and to assure to litigants that con-
sideration of the asserted errors which the parties have a right to expect
of the Court. The rule, 19(3), which requires the grouping and assign-
ment of errors has been repeatedly declared to require the asserted error
to be clearly and distinctly set out in the assignment so that the Court
shall not be compelled to go beyond the assignment itself to ascertain

the precise question involved. A voyage of discovery through the records to pinpoint the asserted error should not be expected. Typical of plaintiff's assignment of error is: "EXCEPTIONS NINE, TEN and ELEVEN have reference to the failure of the court to explain the law as applied to the evidence in this case as indicated. (R pp 59 and 60)" This does not meet the requirements of the rule. *Thompson v. R. R.,* 147 N.C. 412, imposes the duty upon appellant in this language: ". . . always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is. The assignment must be so specific that the Court is given some real aid and a voyage of discovery through an often voluminous record not rendered necessary." This interpretation of the rule has been repeatedly applied and adhered to. *Wheeler v. Cole,* 164 N.C. 378, 80 S.E. 241; *Register v. Power Co.,* 165 N.C. 234, 81 S.E. 326; *Carter v. Reaves,* 167 N.C. 131, 83 S.E. 248; *Rogers v. Jones,* 172 N.C. 156, 90 S.E. 117; *Myrose v. Swain,* 172 N.C. 223, 90 S.E. 118; *Byrd v. Southerland,* 186 N.C. 384, 119 S.E. 2; *Cecil v. Lumber Co.,* 197 N.C. 81, 147 S.E. 735; *In re Will of Beard,* 202 N.C. 661, 163 S.E. 748; *Greene v. Dishman,* 202 N.C. 811, 164 S.E. 342; *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602.

Notwithstanding the failure to comply with the rules, we have examined the record and find no error. The appeal is

Dismissed.