### TED R. NICHOLS v. ISAAC McFARLAND.

(Filed 29 October, 1958.)

**1. Appeal and Error § 19—**

An assignment of error that the court erred in permitting a witness "to testify as shown by exceptions" of designated number, with reference to the page of the record, is insufficient, it being required that an assignment of error definitely and clearly present the error relied on without compelling the Court to go beyond the assignment itself to learn what the question is.

**2. Appeal and Error § 51—**

Where motion to nonsuit is renewed at the close of all of the evidence, the correctness of the ruling on the last motion only is presented upon appeal.

**3. Appeal and Error § 21a—**

An assignment of error to the court's ruling on motion to nonsuit is sufficient if it refers to the motion, the ruling thereon, the number of the exception, and the page of the record where found.

**4. Appeal and Error § 19—**

The rules governing appeals are mandatory.

PARKER, J., not sitting.

APPEAL by defendant from *Crissman, J.,* April-May, 1958 Regular Civil Term, WILKES Superior Court.

This civil action grew out of a street crossing motor vehicle accident in the City of Durham. The plaintiff alleged his personal injury and property damage resulted from the defendant's actionable negligence. The defendant denied negligence on his part, filed a counterclaim for personal injury and property damage, allegedly resulting from the plaintiff's actionable negligence. Appropriate issues were submitted to and answered by the jury in favor of the plaintiff. From the judgment on the verdict, the defendant appealed.

*Hayes & Hayes, By: Kyle Hayes for defendant, appellant.*
*Ralph Davis for plaintiff, appellee.*

HIGGINS, J.   The appellant asks for a reversal of the judgment or a new trial on the basis of 12 assignments of error. We quote assignment No. 1: "The court erred in permitting the plaintiff to testify as shown by Exceptions Nos. 1 (R p 11), 2 (R p 12) and 3 (R p 12)." Assignments Nos. 2, 3, 4, 6, 7, and 9 are in similar form.

Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 554, 555, as interpreted in the decisions of this Court, require: "Always the very error relied upon shall be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *State v. Mills,* 244 N.C. 487, 94 S.E. 2d 324; *Allen v. Allen,* 244 N.C. 446, 94 S.E. 2d 325; *Parsons v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Porter v. Lumber Co.,* 164 N.C. 396, 80 S.E. 443; *Thompson v. R.R.,* 147 N.C. 412, 61 S.E. 286. The objectionable assignments in their present form would require the Court to undertake a voyage of discovery through the record to ascertain what the assignments involve. This the Court will not do. *Cecil v. Lumber Co.,* 197 N.C. 81, 147 S.E. 735.

Assignment No. 5 relates to the refusal of the court to allow the motion for nonsuit at the close of the plaintiff's evidence. By introducing evidence after the court overruled the motion, the defendant waived his right to insist on the motion. However, the defendant renewed the motion at the close of all the evidence and thus preserved his right of appeal, but only upon the insufficiency of all the evidence to present a jury question. This right he has preserved by assignment No. 8, based on exception No. 13: "When the assignment of error is to the court's ruling on nonsuit, it is enough to refer to the motion, the ruling thereon, the number of the exception, and the page of the record where found." *Allen v. Allen, supra.*

By assignment No. 10 the defendant raises the question whether the court, in the charge, gave undue emphasis to plaintiff's evidence

and contentions. The objection is not valid. The court's charge appears to be full, complete, and without favor.

Evidence of defendant's actionable negligence was sufficient to go to the jury and to support the verdict. Evidence of contributory negligence on the part of the plaintiff does not appear as a matter of law. It is doubtful whether it was even sufficient to require the submission of the issue to the jury. The motion of nonsuit was properly denied.

Assignments of error Nos. 11 and 12 are to the refusal of the court to set aside the verdict and to the signing of the judgment. They do not require discussion.

Appeal from a final judgment of the superior court is a matter of right. This right is exercised with such frequency as makes mandatory adherence to the rules governing appeals.

No Error.

PARKER, J., not sitting.