PAMLICO COUNTY v. JENNIE DAVIS (WIDOW), GRANT MOYE AND WIFE, BEATRICE MOYE; DONALD MOYE (UNMARRIED), AND JAMES MOYE (UNMARRIED).

(Filed 4 March, 1959.)

**1. Appeal and Error § 19—**

The rules governing appeals are mandatory, and an assignment of error which does not conform to Rules 19(3) and 21 presents no question for review.

**2. Appeal and Error § 21a—**

An assignment of error to the refusal of the court to allow motion to nonsuit and referring to the pertinent exception is sufficient, and requires an examination of the evidence to ascertain if there is any sufficient evidence to support the claim.

**3. Betterments § 1—**

A party claiming betterments has the burden of establishing that he made permanent improvements on the land under *bona fide* belief of good title and that he had reasonable grounds for such belief.

**4. Same—**

Evidence that the land in question was farm land which had been abandoned and had become a piece of waste-land, and that claimant, by ditching, clearing, building roads and similar work, made it again susceptible of profitable cultivation, is sufficient to show "permanent improvements" within the purview of G.S. 1-340.

**5. Same—**

Permanent improvements made by the purchaser in possession under an unenforceable contract to convey is sufficient claim of title to support a claim for betterments, and the statute of frauds may not be asserted to defeat such claim.

**6. Same—**

Evidence that claimant went into possession of an abandoned farm, which had been permitted to become waste-land, under contract with the county to convey to him, the county having purchased at a tax foreclosure sale, that claimant expended a large sum of money in making permanent improvements over a period of three years, paid part of the purchase money, and that during the course of these improvements no one made an adverse claim, is sufficient to be submitted to the jury on the question whether the improvements were made under a *bona fide* belief of good title or right thereto.

**7. Same—**

Evidence that claimant went into possession under a contract by the county to convey and that the county had purchased the land at a tax foreclosure sale, constitutes claimant in effect a purchaser at a judicial sale, and is sufficient evidence that he had reasonable grounds to be-

lieve he had good title or right thereto to support his claim for betterments.

**8. Judicial Sales § 7—**
    The purchaser at a judicial sale is not under duty to employ counsel to examine the proceeding.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by movants from *Moore (C. L.), J:*, August 1958 Term of PAMLICO.

In May 1943 summons issued from the Superior Court of Pamlico County in a civil action in which Jennie Davis, Grant Moye and wife, Donald Moye and James Moye were named as defendants. The action was instituted by Pamlico County to enforce payment of taxes assessed for the years 1929 through 1942 against a tract of land listed in the name of Henry Moye. Plaintiff prayed for a sale and foreclosure of the right of defendants as heirs at law of the tax debtor to redeem.

A decree of foreclosure was entered and the property sold to Pamlico County in 1946. It contracted in 1950 to convey the property to Paul J. Daniels for $453.19, part in cash, with the remainder in annual installments.

In March 1953 the named defendants and others, as heirs at law of the delinquent taxpayer, filed a motion asking the court to set aside the decrees of foreclosure and confirmation and to declare the deed to Pamlico County and its contract with Daniels void for the asserted reason that no process had ever been served on movants. Copy of the motion and process were served on Paul J. Daniels.

Pamlico County asserted the validity of the tax foreclosure proceeding and its obligation to convey. Daniels answered that he contracted in good faith to purchase and, relying on his contract, had made valuable permanent improvements to the property. He asked for compensation for the improvements so made, if the court should hold he could not acquire good title.

The motion was heard by the clerk in August 1955. He found that service had been properly made on Grant Moye and wife and Jennie Davis, two of the five heirs of Henry Moye. He also found that Daniels in 1950 contracted to purchase the land from the County, immediately took possession, and had been in possession since the contract was made. No exception was taken to this finding of fact. The seventh finding was that Daniels had made permanent improvements on the property amounting to $2,554.75. Movants excepted to this

finding of fact. Based on his findings, the clerk adjudged the sale valid as to the 2/5 interest owned by the heirs served, invalid as to the 3/5 interest not served. He denied relief to the parties served, allowed the motion of those not served to vacate the judgment subject to payment to Daniels for their pro rata part of the betterments in the amount determined by him to have been made.

Movants appealed to the Superior Court in term. The appeal was heard by Bundy, J., August 1955 Term.

Judge Bundy's order recites the findings made by the clerk with respect to the improvements. It then says: "The Clerk was satisfied with the probable truth of the allegations that permanent improvements have been made on said land, and so is this Court, but the amount of same to be allowed is for a jury to determine under G.S. 1-340.

"IT IS THEREFORE ORDERED that this cause be docketed for trial before a jury to determine and assess the allowance to Paul J. Daniels for the improvements and betterments, if any, against the interest in said land of the defendants not served, over and above the value of the use and occupation of the land."

At the August 1958 Term the court submitted six issues to the jury for the purpose of determining Daniels' right to and the value of the claimed improvements. No exception was taken to the issues submitted. The jury found Daniels had made improvements under a title believed to be good, which belief was based on reasonable grounds. It fixed the value of the improvements, rental value, and taxes paid by Daniels.

Judgment was entered based on the verdict. Movants excepted and appealed.

*B. B. Hollowell for Pamlico County and R. E. Whitehurst for Paul Daniels.*

*Taylor & Mitchell and Robert D. Glass for defendants, appellants.*

RODMAN, J. Typical of movants' assignments is the seventh, which reads:

"The trial Court committed prejudicial and reversible error in its charge to the jury by instructing the jury upon the law of betterments and permanent improvements, in that no evidence upon the instant record justified instructions upon said law or the submission to the jury of an issue on a question of betterments and improvements; to which error EXCEPTIONS 9, 10, 11, 12, 15, 16, 17, 18, 19, and 20 (R pp 78-85, 92-98) are directed."

The assignments of error do not conform to Rules 19 (3) and 21 of this Court. We have repeatedly called attention to these rules. They are mandatory. *Nichols v. McFarland,* 249 N.C. 125; *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Tillis v. Cotton Mills,* 244 N.C. 587, 94 S.E. 2d 600; *Armstrong v. Howard,* 244 N.C. 598, 94 S.E. 2d 594; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Seed Co. v. Cochran & Co.,* 203 N.C. 844, 165 S.E. 354; *Greene v. Dishman,* 202 N.C. 811, 164 S.E. 342; *Byrd v. Southerland,* 186 N.C. 384, 119 S.E. 2; *Rogers v. Jones,* 172 N.C. 156, 90 S.E. 117.

Assignment No. 4 directed to exception 7 for that the court refused to allow movants' motion to nonsuit Daniels' claim for betterments, although grouped with exceptions relating to the charge, is sufficient to require us to examine the evidence to ascertain if there is any evidence to support the claim for betterments. *Allen v. Allen,* 244 N.C. 446, 94 S.E. 2d 325; *Register v. Power Co.,* 165 N.C. 234, 81 S.E. 326.

Protection is, by statute, G.S. 1-340, afforded one who makes permanent improvements to property, believing that he has good title to the property so improved.

The statute has been interpreted to impose on claimant the burden of establishing (1) that he made permanent improvements, (2) *bona fide* belief of good title when the improvements were made, and (3) reasonable grounds for such belief. *Pritchard v. Williams,* 176 N.C. 108, 96 S.E. 733; *Rogers v. Timberlake,* 223 N.C. 59, 25 S.E. 2d 167. Issues were submitted to obtain answers to these questions.

What are permanent improvements entitling claimant to reimbursement was considered in *Pritchard v. Williams,* 181 N.C. 46, 106 S.E. 144. The improvements for which Daniels is seeking compensation is the redemption of abandoned farm land by ditching, clearing, building roads on the property, and similar work, making it again susceptible of profitable cultivation. Claimant testified: "When I moved on the land it was grown up, it had laid out for several years; the ditches were filled up; it was just an old piece of waste-land laid out, and grown up." He detailed amounts expended to put it back in a profitable state of cultivation. The jury was instructed as to what was necessary to constitute a permanent improvement. The charge was patterned on *Pritchard v. Williams, supra* (181 N.C. 46). Movants did not except to those portions of the charge. Witnesses testified to the substantial enhancement in the value of the property resulting from the work done by claimant. We are of the opinion the

evidence was sufficient for a jury to find that work was done constituting "permanent improvements" as those words are used in the statute. 42 C.J.S. 422, 423; 27 Am. Jur. 273, 274.

Indeed, we do not understand movants to seriously controvert that proposition. Their motion for nonsuit is based on the assertion that claimant has failed to establish any title to which a *bona fide* belief could attach; therefore there could be no reasonable grounds for such belief.

The motion to vacate the order of sale alleges the contract to convey, the amount to be paid, and partial performance. The County has not pleaded the statute of frauds. It admits its obligation to Daniels. We are not called upon to determine whether a court would decree specific performance of a contract by a governmental agency. It has been settled law in this State for more than a century that an unenforceable contract to convey is sufficient claim of title to support a claim for betterments. *Albea v. Griffin,* 22 N.C. 9, which has been repeatedly cited with approval; see Shepard's N. C. Citations. *Dupree v. Moore,* 227 N.C. 626, 44 S.E. 2d 37; *Knowles v. Wallace,* 210 N.C. 603, 188 S.E. 195; *Insurance Co. v. Cordon,* 208 N.C. 723, 182 S.E. 496; *Baker v. Carson,* 21 N.C. 381. Here the terms of the contract and the property to be conveyed are admitted. The statute of frauds would not have defeated Daniels' claim if the County had refused to convey and sought to take possession.

Movants cannot assert the statute of frauds to defeat Daniels' claim for improvements.

Movants in their brief also argue that the motion to nonsuit should have been allowed for want of evidence establishing a *bona fide* belief of good title or right thereto and total absence of any basis for such a belief if in fact held.

We think the evidence ample to require submission of these questions to the jury. It tends to establish these facts: Daniels lived about a quarter of a mile from the property. The owner had apparently abandoned it because of its run-down condition. Taxes assessed against the property had not been paid for twenty years. A court of general jurisdiction had ordered the land sold. The County had purchased. No one had come forward to redeem. The contract price was the fair market value. Daniels asserts his good faith. He paid part of the purchase money. He spent three years and in excess of $2,500 in permanently improving the property. During the course of these improvements no one made an adverse claim. Not until the improvements were complete was there an assertion that he did not have good title.

Except when intended as a gift, one does not ordinarily expend substantial sums to improve property unless he has a *bona fide* belief in his ownership. There is plenary evidence of *bona fide* belief.

Did Daniels have reasonable grounds for his belief? Daniels was in effect a purchaser at a judicial sale. There is no suggestion that he had knowledge of anything which would impair his right to the property. To hold that one who bids at a judicial sale acts imprudently and unreasonably unless he employs counsel to examine the proceeding would place such a burden on judicial sales as to destroy their efficacy. The law imposes no such burden. *Cherry v. Woolard,* 244 N.C. 603, 94 S.E. 2d 562; *Jeffreys v. Hocutt,* 195 N.C. 339, 142 S.E. 226. Nor can it be said that one who relies on the integrity of public officials acts imprudently.

The evidence compelled the court to submit the disputed questions to the jury.

No Error.

MOORE, J., took no part in the consideration or decision of this case.