MEARLE JARRETT v. W. H. COVINGTON AND
CHARLES USHER STROUD.

(Filed 10 June, 1960.)

APPEAL by defendants from *Huskins, J.*, January Civil Term, 1960, of CATAWBA.

Personal injury action growing out of a collision in Catawba County on May 28, 1956, about 9:50 a.m., between a 1955 Ford Truck operated by Johnny Lester Cook, in which plaintiff was a guest passenger, and a 1942 Chevrolet truck owned by defendant Covington and operated by defendant Stroud.

It was stipulated that, on the occasion of the collision, Stroud was Covington's agent and was operating the truck within the scope of such agency.

The collision occurred on (new) N. C. Highway #10, an east-west highway, a short distance east of where a section of old N. C. Highway #10 joins #10 to form a "T" intersection, #10 being the top of

the "T." This section of old #10 extends south from #10. A short distance east of this "T" intersection, another section of old #10 joins #10 to form another "T" intersection, #10 being the top of the "T." This section of old #10 extends north from #10.

The Ford truck was proceeding east on #10, the dominant highway.

The facts on which plaintiff bases her allegations of negligence are these: Stroud, traveling north on old #10, approached and entered #10 at the "T" intersection first described. An embankment on the southwest corner (to his left) partially blocked his view of east-bound traffic on #10. He failed to stop in obedience to the stop sign. He drove into #10, heading east thereon, directly in the path of the on-coming Ford truck.

Defendants alleged the collision and plaintiff's injuries were caused solely by the negligence of Cook, the operator of the Ford truck. The facts upon which defendants based their allegations are these: Stroud had not operated the Chevrolet truck on old #10. On the contrary, he had been traveling east on #10 for a considerable distance before reaching and passing the first "T" intersection. The Ford truck, also proceeding east on #10, overtook and struck the Chevrolet truck with great force and violence. When this occurred, Stroud had signaled his intention to turn left and enter old #10 at the second "T" intersection and proceed north thereon.

Plaintiff and defendants offered evidence tending to support their conflicting allegations as to the circumstances of the collision.

The jury found that plaintiff was injured by the negligence of defendants, as alleged in the complaint, and awarded damages in the amount of $17,500.00.

Judgment for plaintiff in accordance with the verdict was entered. Defendants excepted and appealed.

*William H. Chamblee and Marvin R. Wooten for plaintiff, appellee.*

*Falls, Falls & Hamrick for defendants, appellants.*

PER CURIAM. Defendants' assignments of error are based on exceptions directed to designated portions of the charge. Many, if not all, fall short of compliance with the mandatory rules of this Court. See *Hunt v. Davis*, 248 N.C. 69, 102 S.E. 2d 405, and *Nichols v. McFarland*, 249 N.C. 125, 105 S.E. 2d 294. The assignments directed to the court's failure to charge in designated respects are not supported by exceptions in the case on appeal. "It is elemental that an exception to an excerpt from the charge ordinarily does not

challenge the omission of the court to charge further on the same or another aspect of the case." *Peek v. Trust Company,* 242 N.C. 1, 16, 86 S.E. 2d 745.

Notwithstanding the foregoing, we have considered each of the assignments of error. Consideration thereof fails to disclose prejudicial error. Indeed, a careful reading of the charge leaves the impression that the court explained the law and applied it to the facts in evidence with clarity and accuracy. Upon sharply conflicting evidence, the case was one for jury determination, and the verdict will not be disturbed.

No error.