WALTER F. BOYLES AND HIS WIFE, CATHERINE BOYLES, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, AND SHELDON M. ROPER.

(Filed 26 February, 1936.)

1. **Mortgages H b—Trustors may not recover sum voluntarily paid to have advertised sale of property called off.**

It appeared from the facts alleged in the complaint that defendants required trustors to pay the cost of advertisement and commissions to the trustee before calling off an advertised sale of the property under the terms of the deed of trust, defendants being the *cestui* in the deed of trust and its agent, and that at the time of the advertisement of the property for sale, negotiations were pending, to the knowledge of all parties, for the refinancing of the deed of trust, which was in default. *Held:* Trustors are not entitled to recover the sum voluntarily paid by them to have the sale called off, the trustors having received the consideration agreed upon, and there being no facts alleged tending to show that the payment was induced by fraud on the part of defendants, or mistake on the part of plaintiffs.

2. **Same—Where cestui has right to advertise property under terms of instrument, trustors may not recover damages resulting from advertisement.**

Trustors in a deed of trust instituted negotiations for the refinancing of the debt, trustors being in default in payment, and the *cestui* submitted to the proposed lender the amount required by it to cancel its lien. Several months thereafter, the *cestui* had the property advertised for sale under the terms of the instrument. Prior to sale the trustors succeeded in borrowing the money to refinance the deed of trust, and paid the debt and the *cestui* canceled its deed of trust. Trustors instituted this action to recover damages resulting from loss of credit and standing caused by the advertisement of their land for sale. *Held:* The *cestui* had a right under the terms of the instrument to advertise the land for sale, and if such advertisement caused injury to trustors, such injury is *damnum absque injuria.*

DEVIN, J., took no part in the consideration or decision of this case.

APPEALS by both plaintiffs and defendants from *Sink, J.,* at July Term, 1935, of LINCOLN. Affirmed in plaintiffs' appeal; reversed in defendants' appeal.

The facts alleged in the complaint in this action are as follows:

1. On 11 May, 1927, the plaintiffs executed a deed of trust by which they conveyed to the Chickamauga Trust Company, as trustee, the lands described therein, to secure the payment of their note to the defendant, the Prudential Insurance Company of America, for $1,800. The consideration for said note was money loaned to the plaintiffs by the said defendant.

2. Some time during the year 1933, prior to 23 September, 1933, the plaintiffs had defaulted in the payment of their note, and, in order to secure an extension of said note, paid to the defendant Sheldon M. Roper, as attorney and agent of his codefendant, the sum of $32.23, which sum the said defendant agreed to repay to the plaintiffs if the defendant, the Prudential Insurance Company, declined to grant the extension which the plaintiffs had applied for. Thereafter, the plaintiffs were informed by the defendants that the extension would not be granted. The defendants have failed and refused to repay to the plaintiffs the sum of $32.23.

3. On 15 November, 1933, with the knowledge, approval, and consent of the defendants, the plaintiffs applied to the Federal Land Bank of Columbia, S. C., for a loan sufficient in amount to pay the amount due on plaintiffs' note to the defendant, the Prudential Insurance Company.

On 16 January, 1934, the defendant insurance company filed with the Federal Land Bank of Columbia a statement in writing showing the total amount due by plaintiffs to said insurance company, and agreed that upon the payment of said amount out of any loan made by the said land bank to the plaintiffs, it would cancel the deed of trust securing said amount.

4. On 16 April, 1934, plaintiffs' note to the defendant insurance company being still unpaid, and past due, the defendants caused the trustee in the deed of trust to advertise the land described therein for sale, under the power of sale contained in the deed of trust, at the courthouse door in Lincolnton, N. C., on 14 May, 1934. Although the land was duly advertised for sale in newspapers and elsewhere, the plaintiffs did not learn of the advertisement until 10 May, 1934. They at once protested to the defendants that their lands ought not to be sold in accordance with the advertisement, but notwithstanding said protest, the plaintiffs were informed that the land would be sold on 14 May, 1934, unless plaintiffs paid to defendants the sum of $125.35 to cover the costs and expenses incurred by the advertisement, including commissions to the trustee. The plaintiffs paid to the defendants the said sum of $125.35, and the sale was called off.

5. On 15 June, 1934, the plaintiffs secured from the Federal Land Bank of Columbia the loan for which they had applied, and out of the proceeds of said loan paid to the defendant insurance company, in full, the amount due on their note.

6. As a result of the advertisement of their land for sale by the defendants, the plaintiffs suffered humiliation and embarrassment, and loss of credit in the community in which they reside. They allege that they thereby sustained damages in the sum of $5,000.

In their answer, the defendants denied the allegations of the complaint on which the plaintiffs demanded judgment that they recover of the defendant the sum of $32.23.

By their demurrer, the defendants presented their contention that the facts stated in the complaint are not sufficient to constitute causes of action on which the plaintiffs are entitled 'to recover of the defendants the sum of $125.35, or damages for the advertisement by the defendants of their land for sale.

The action was heard on the demurrer. The court sustained the demurrer with respect to the cause of action on which plaintiffs demand judgment that they recover of the defendants the sum of $125.35, and overruled the demurrer with respect to the cause of action on which plaintiffs demand judgment that they recover of the defendants damages for the advertisement by the defendants of the lands of the plaintiffs for sale.

Both the plaintiffs and the defendants excepted to the judgment and appealed to the Supreme Court.

*W. A. Self and L. E. Rudisill for plaintiffs.*
*A. L. Quickel for defendants.*

CONNOR, J. With respect to the cause of action on which the plaintiffs demand judgment that they recover of the defendants the sum of $125.35, the plaintiffs allege "that on or about 10 May, 1934, the plaintiffs discovered that their lands were advertised for sale as aforesaid, and immediately communicated with the defendant Sheldon M. Roper, agent and attorney for Prudential Insurance Company, and protested against the exposure of their farm for sale; that the said Sheldon M. Roper, acting as attorney and agent for said defendant, informed the plaintiffs that the sale would be made at the time and place as advertised unless the plaintiffs paid to him the sum of $125.35, covering a commissioner's fee and the costs of advertisement; and that plaintiffs, not being advised of their rights, and relying upon the correctness and uprightness of the statements of the said Sheldon M. Roper, procured and caused to be paid over to him as attorney and agent of the Prudential Insurance Company the sum of $125.35, and that by reason of said payment of money wrongfully and fraudulently exacted as aforesaid from the plaintiffs by the said Sheldon M. Roper, attorney and agent for his codefendant, the said sale was abandoned."

It appears from this allegation that the sum of $125.35 was voluntarily paid by the plaintiffs to the defendants. No facts are alleged

tending to show that the payment was induced by fraud on the part of the defendants, or by any mistake on the part of the plaintiffs. Upon payment of the sum agreed upon by the parties, the sale was called off. It is manifest that plaintiffs are not now entitled to recover of the defendants the sum which they paid voluntarily, and for which they have received the consideration agreed upon.

With respect to the cause of action on which the plaintiffs demand judgment that they recover of the defendants damages in the sum of $5,000, the plaintiffs allege "that the defendants in causing the lands of the plaintiffs to be advertised for sale, as set forth in paragraph 5 of this complaint, were acting in a fraudulent, unlawful, and high-handed manner in their disregard of the rights of the plaintiffs and with intent to embarrass and humiliate the plaintiffs; that said unwarranted advertisement of plaintiffs' said lands was due, as plaintiffs believe and allege, to the determination and desire of the defendants to embarrass and harass the plaintiffs, and to improperly, unlawfully, and fraudulently exact and extort from plaintiffs the said sum of $125.35."

It appears from the allegations of the complaint that defendants had a right in law and in equity to cause the lands of the plaintiffs to be advertised for sale by the trustee in the deed of trust, which plaintiffs had executed to secure their note to the defendant, the Prudential Insurance Company. The note was long past due, and plaintiffs' application for a loan out of which the note was to be paid had been pending for several months, with no assurance to defendants that the application would be approved. If plaintiffs suffered loss by the advertisement of their lands, the defendants were not liable for any damages resulting from such loss. The principle of *damnum absque injuria* is applicable.

There was no error in the judgment sustaining the demurrer as to the "second cause of action" alleged in the complaint.

There was error in the judgment overruling the demurrer as to the "third cause of action" alleged in the complaint. It follows that the judgment is

Affirmed in plaintiffs' appeal.

Reversed in defendants' appeal.

DEVIN, J., took no part in the consideration or decision of this case.