BRUCE J. DUPREE, ANNIE WILLIAMS, LEONA VINES, JAMES T. DUPREE, JACOB DUPREE, ELIZABETH DUPREE, TOM AUSTIN DUPREE, AND JOSHUA DUPREE v. WILLIAM ARTHUR MOORE.

(Filed 17 September, 1947.)

**1. Betterments § 2—**

A person who is let into possession of land under a parol contract and who, in good faith and in reliance on the promise to convey, puts valuable improvements on the land, cannot be ejected at the instance of the promissor under a plea of the statute of frauds without compensation for the improvements.

**2. Same: Betterments § 7—Plaintiffs' evidence held insufficient to establish contract to convey as predicate for his claim for improvements.**

Plaintiffs, eight heirs at law, claiming the *locus in quo* by descent, instituted this action in ejectment. Defendant claimed compensation for improvements, alleging that he entered upon the land under a parol agreement to convey made between himself and one of the heirs acting for and in behalf of herself and all the other heirs, and that he made improvements upon the land in good faith in reliance upon the contract to convey. Defendant's evidence failed to show an agreement between himself and all the heirs, and further disclosed that defendant had knowledge that two of the heirs were minors. *Held:* Defendant having alleged and prose-

cuted his claim for improvements upon the theory of an integral contract to convey, and having failed to show such contract on the part of all of the heirs, his evidence is insufficient to establish a contract to convey necessary to support his claim for improvements.

**3. Estoppel § 10—**

Minors, since they do not have the capacity to contract, cannot create an estoppel *in pais* against themselves.

**4. Trial § 45—**

Motion for judgment *non obstante veredicto* may not be granted if the pleadings raise issuable matter.

PLAINTIFFS' appeal from *Morris, J.,* at May Term, 1947, of BEAUFORT.

The plaintiffs sued the defendant in ejectment for possession of the land described in the complaint which they claimed by descent from the father, J. T. Dupree. The defendant answered, admitting the devolution of title upon the plaintiffs by the death of Dupree, but set up a parol purchase contract between himself and Annie Dupree Williams, one of the heirs, for and in behalf of all the plaintiffs, by virtue of which he went into possession of the lands sometime in 1941 and built thereupon, in good faith, buildings and improvements claimed to be worth $1,400, for which he demands compensation in case of his ejectment, and reimbursement for his expenditures in paying taxes.

The contract alleged was an agreement, made by the said Annie Williams, that if the present defendant Moore would pay the taxes due on the place and give the heirs the difference between the taxes and $200 she would have all the heirs sign a deed.

The defendant testified that at the time this agreement was made, in addition to Annie Williams there was present Bruce Dupree, who said he "did not have nothing to do about it. Whatever Miss Annie said was all right with him." Defendant did not talk with James Dupree nor Jacob nor Elizabeth Vines; talked to Tom and Joshua but they were under age. The defendant further testified that the taxes due amounted to $165; that he paid this and gave Annie Williams $24 for the heirs.

Annie Williams and Bruce Dupree both testified that they did not enter into any agreement to sell the land; and Annie Williams denied receiving any money for distribution to the heirs.

E. A. Daniel, who was county attorney at the time, testified that some of the heirs and Moore came to his office and his recollection was that they wished to deed the land to William Arthur Moore, who was to pay the taxes. But witness on investigation found that there were two minor heirs and it would take a special proceeding to convey the title to the land and that the heirs were not willing to incur the expense and said they would wait until the minors got grown.

No deed was ever made. There was evidence relating to the value of the improvements and the rental value of the land during defendant's occupancy.

Upon the pleading and testimony, somewhat confusing and distinctly contradictory, the following issues were submitted to the jury and answered as indicated:

1. Are plaintiffs the owners and entitled to possession of the land described in the complaint?
   Answer: Yes.
2. Did the plaintiffs enter into a verbal contract with defendant that if he would pay the taxes on the lands they would execute to him a deed therefor?
   Answer: Yes.
3. Did the defendant under terms of the contract and in good faith enter into possession of said lands?
   Answer: Yes.
4. If so, did the defendant, while in possession of the land erect improvements thereon?
   Answer: Yes.
5. What was the value of said improvements?
   Answer: $1,200.00.
6. Did the plaintiffs have actual knowledge that the defendant was in possession of said lands under a verbal contract to purchase the same and did they have actual knowledge that he was making improvements thereto?
   Answer: Yes.
7. What is the fair reasonable rental value of the lands in controversy?
   Answer: $2.50 per week and $2.00 a year for lot.
8. What is the fair, reasonable rental value of the lands in controversy exclusive of improvements made thereon by the defendant?
   Answer: $4.00.

The plaintiffs moved for judgment *non obstante veredicto,* which motion was denied, and exception made. Plaintiffs then moved to set aside the verdict and for a new trial, which motion was declined, and plaintiffs excepted. Judgment followed according to the tenor of the issues and answers thereto, to which the plaintiffs objected and excepted and appealed.

*H. S. Ward for plaintiffs, appellants.*
*Carter & Carter for defendant, appellee.*

SEAWELL, J.   The defendant appellee depends partly on existence of a parol contract to convey the lands in controversy and partly on the principle of estoppel *in pais* to support recovery under his cross action.   But the alleged parol contract to convey is not supported by the evidence against all the plaintiffs; estoppel *in pais* is not pleadable against the admitted minors nor is there supporting evidence as to all of the adult plaintiffs.

1. Where there has been a parol contract to convey lands and the statute of frauds is invoked by the promissor, we say, in shorthand, that the contract is void.   It cannot be specifically enforced; but the clutch of circumstance and incident comprising the whole transaction may engender important legal consequences.

A person let into possession of land under a parol contract and who has, in good faith and reliance on the promise to convey put valuable improvements on the land, cannot be ejected at the instance of the promissor under a plea of the statute of frauds (G. S., 22-2), without compensation for the improvement.   *Union Central Life Insurance Co. v. Cordon,* 208 N. C., 723, 182 S. E., 496, 497; *Eaton v. Doub,* 190 N. C., 14, 22, 128 S. E., 494, 498, 40 A. L. R., 273.

First, however, there must be the contract.   Whatever the allegations in defendant's cross action, the evidence falls short of inferences tending to establish such a contract as to the heirs or cotenants as a whole, or the authority and legal capacity of Annie Williams to act for them. According to the defendant's testimony, when the alleged contract was originally made with Annie, Bruce Dupree was present and remarked that "whatever Miss Annie says is all right with me."   But, testified the defendant, he did not talk with James nor Jacob nor Elizabeth Vines. He did talk with Tom and Joshua, but they were minors.

E. A. Daniel testified that according to his recollection the "whole group" (meaning the heirs) came to his office and that the "conversation was" that they wanted to make a deed to Moore and he was to pay the taxes.   They were informed that since there were minors concerned this could not be done without a special proceeding and the cotenants were not willing to pay the cost of such proceeding.   "It was my understanding," said the witness, "that they said they would wait until the minors were grown."

The defendant, therefore, entered upon the premises with the knowledge that he had no contract with the minors, Tom and Joshua, and none apparently with certain others of the cotenants, if the evidence indicates a contract with any of them.

This Court has no power to split up what was alleged by defendant as an integral contract and so treated on the trial and in the judgment, so as to give the defendant relief if he is entitled to any, against the

cotenants who may have attempted to convey the land; and we do not suggest that this is feasible on a retrial.

2. The theory of estoppel rests upon the evidence tending to show that certain of the plaintiffs, according to defendant's evidence, saw him building on the land and made no protest. It equally appears from the evidence that certain others did not. As to two of the cotenants, admittedly minors, since they did not have the capacity to contract they could not create an estoppel against themselves.

"Want of legal capacity cannot be supplied by estoppel and a person cannot be estopped *in pais* when he cannot bind himself by contract." 19 Am. Jur., "Estoppel," p. 644.

The plaintiffs moved for judgment *non obstante veredicto.* Ordinarily the plaintiffs are not entitled to such judgment unless it may be properly rendered upon the pleadings. *Palmer v. Jennette, ante,* 377; *Jernigan v. Neighbors,* 195 N. C., 231, 141 S. E., 586; *Winder v. Martin,* 183 N. C., 410, 111 S. E., 708; *Fowler v. Murdock,* 172 N. C., 349, 90 S. E., 301; *Baxter v. Irvin,* 158 N. C., 277, 73 S. E., 882; *Doster v. English,* 152 N. C., 339, 67 S. E., 754; *Shives v. Cotton Mills,* 151 N. C., 290, 66 S. E., 414. We are unable to conclude that there remains no issuable matter under the pleadings.

However, the verdict and judgment are not supported by the evidence, and upon their objections and exceptions thereto the plaintiffs are entitled to a new trial, and it is so ordered.

New trial.