JOHN WELLS AND SARAH WELLS v. GEORGIA FOREMAN.

(Filed 29 October, 1952.)

**1. Frauds, Statute of, § 3: Pleadings § 31—**

The defense of the statute of frauds cannot be raised by demurrer or by motion to strike, notwithstanding that evidence in support of the contract may be rendered inadmissible by a proper plea of the statute.

**2. Money Received § 1—**

Ordinarily, in the absence of fraud or mistake, money voluntarily expended or a payment voluntarily made to the use of another is not recoverable.

**3. Same—**

Money paid to the use of another may be recovered when the beneficiary promises to repay the money so expended or induces the expenditure or consciously receives the benefits.

**4. Same—Party expending money pursuant to contract precluded by statute of frauds may recover same from party knowingly accepting benefits.**

Plaintiffs alleged that they made payments on defendant's mortgage as they became due and expended certain sums in repair of the property in reliance upon defendant's promise to devise the property to them or, if the debt was totally discharged before defendant's death, to convey the property to them subject to a life estate in defendant, and that thereafter defendant breached the contract. Plaintiff sought to recover the money so expended. *Held:* The action is not one to recover for breach of the contract to convey which is precluded by the statute of frauds, but is an action in *assumpsit* for money had and received or for unjust enrichment.

**5. Money Received § 3: Pleadings § 31—**

> In an action by parties to a contract unenforceable by reason of the statute of frauds to recover money expended in reliance on the agreement, allegations relating to the contract as the inducement to plaintiffs to make the expenditures, the conscious acceptance by defendant of the benefits thereof, and the breach of the contract by defendant, are competent to rebut any presumption that the expenditures were gratuitous, and motion to strike on the ground that such allegations related to an unenforceable contract are properly denied.

APPEAL by defendant from *Burgwyn, Special Judge,* April Term, 1952, PITT. Affirmed.

Civil action to recover money expended for the use and benefit of defendant, heard on motion of defendant to strike allegations in the complaint.

The substance of plaintiffs' cause of action, as stated in the complaint, is this: Defendant owns a home in Greenville. In 1934 she executed a deed of trust thereon to secure an indebtedness due the Home Owners Loan Corporation. In May 1939 she was delinquent in her payments on the loan and was threatened with foreclosure of the deed of trust. She verbally proposed to plaintiffs that if they would make the past due payments and discharge future monthly payments of principal and interest as they matured, she would devise the property to them; and if the debt was fully discharged before her death, she would convey the property to them by deed, reserving a life estate for herself. The plaintiffs accepted said proposal and, relying thereon, moved in the home with defendant, furnished her with care and support, paid the matured installments, and discharged the monthly payments as they matured thereafter. In reliance upon the promise of defendant, they further expended the sum of $900 in making repairs, improvements, and additions to the premises. In 1948 they had paid a total of $900 on the mortgage indebtedness when they received a letter from the HOLC requesting larger payments. Defendant refused to permit them to make larger payments because this would discharge the full debt and require defendant to execute a deed in compliance with her agreement. Thereafter the defendant made the payments as they matured and the debt has been fully discharged. The plaintiffs, however, have at all times been ready, able, and willing to make the payments in accord with their agreement. On 2 March 1951 defendant served a written demand on plaintiffs to remove from the premises, and plaintiffs, in compliance therewith, on 9 April 1951 moved elsewhere. The payments made by them to the HOLC and in making repairs, etc., were in compliance with their agreement made and entered into with the defendant. The defendant, by reason of her breach of her contract with plaintiffs, has been unjustly enriched in the sum of $1,800 by the funds

expended by plaintiffs in compliance therewith. They pray recovery of said amount.

The defendant moved to strike specific allegations in the complaint. In short, she moves to strike all references to the verbal agreement between plaintiffs and defendant and all allegations concerning the consideration which moved plaintiffs to make the alleged payments and expenditures. If the motion is allowed, the complaint would merely state in substance that plaintiffs moved into the home of defendant and thereafter voluntarily made certain payments upon the mortgage indebtedness upon the home and in repairing and improving the premises for which they seek recovery.

The motion of defendant was denied and defendant appealed.

*Blount & Taft for plaintiff appellees.*
*Sam B. Underwood, Jr., for defendant appellant.*

BARNHILL, J.   The motion of defendant rests upon the assumption that the plaintiffs seek to enforce an oral agreement to devise or convey real property. She insists that, as it appears on the face of the complaint the alleged agreement was not in writing, evidence in support thereof is inadmissible and on a motion to strike admissibility of evidence in support of the allegation sought to be stricken is the test of relevancy. *Weant v. McCanless,* 235 N.C. 384.

Even so, her position in this respect is untenable. As said by *Denny, J.,* in *Weant v. McCanless, supra:* "It is settled in this jurisdiction that the provisions of the statute of frauds cannot be taken advantage of by demurrer . . . Neither can such defense be taken advantage of by motion to strike." (See cases cited.)

Evidence of a parol agreement to convey real property is admissible unless the defendant asserts the unenforceability of the contract by reason of the statute of frauds. And such defense can be raised only by answer or reply. *Weant v. McCanless, supra,* and cases cited.

But apparently defendant misconceives the nature of plaintiffs' cause of action. They do not seek to enforce an oral contract to devise or convey real property. They seek to recover money expended to the use and for the benefit of the defendant.

Ordinarily, in the absence of fraud or mistake, money voluntarily expended or a payment voluntarily made to the use of another is not recoverable. *Rhyne v. Sheppard,* 224 N.C. 734, 32 S.E. 2d 316; *Boyles v. Insurance Co.,* 209 N.C. 556, 183 S.E. 721; *Guerry v. Trust Co.,* 234 N.C. 644, 68 S.E. 2d 272; 40 A.J. 820. To support a recovery of funds expended to the use of another, it must be made to appear that the beneficiary promised to repay the money so expended, or by his conduct in-

duced the payer to make the expenditure, or consciously received what did not belong to him.   40 A.J. 820.

When a party to a special contract, unenforceable by reason of the statute of frauds, expends money as contemplated by the contract, and the other party to the contract consciously receives or accepts the benefits thereof and then fails or refuses to perform his part of the special contract, the law implies a promise and obligation to repay the money so expended.   *Rhyne v. Sheppard, supra; Whetstine v. Wilson,* 104 N.C. 385; *Dupree v. Moore,* 227 N.C. 626, 44 S.E. 2d 37; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764; *Hawkins v. Dallas,* 229 N.C. 561, 50 S.E. 2d 561; *Ebert v. Disher,* 216 N.C. 36, 3 S.E. 2d 301; Anno. 69 A.L.R. 14 (95).   This obligation or implied promise may be enforced in an action in *assumpsit* for money had and received or under the doctrine of unjust enrichment.   *Rhyne v. Sheppard, supra; Harrington v. Lowrie,* 215 N.C. 706, 2 S.E. 2d 872.

"The contract being unenforceable under the statute of frauds, no recovery can be had upon it; no damages can be recovered on account of its breach for the same reason; and upon the same principle, the contract being unenforceable, the value of plaintiff's services cannot be concluded by its terms.   *Faircloth v. Kenlaw,* 165 N.C. 228, 81 S.E. 299.   In place of the unenforceable promise to devise real estate in consideration of services to be performed, the law substitutes the valid promise to pay their reasonable worth.   Anno. 69 A.L.R. 95.   The mainspring of the statute of frauds is to prevent frauds, not to promote them."   *Stacy, C. J.,* in *Stewart v. Wyrick, supra.*

Thus it was necessary for plaintiffs to plead the special contract and defendant's breach thereof as a basis for the recovery of the money expended in reliance thereon.   This includes the allegation of the essential facts and circumstances which (1) prompted the parties to enter into the contract; (2) induced the plaintiffs to make the payments on the mortgage indebtedness and expend the money in the repair and improvement of the premises; (3) disclose the conscious acceptance by defendant of the benefits thereof; and (4) constitute a breach of the special contract by defendant.

Such allegations are not made by way of reliance on the terms of the contract but to rebut any presumption that the expenditures were gratuitous.   *Barron v. Cain,* 216 N.C. 282, 4 S.E. 2d 618; *Rhodes v. Jones,* 232 N.C. 547, 61 S.E. 2d 725; *Neal v. Trust Co.,* 224 N.C. 103, 29 S.E. 2d 206; *Rochlin v. Construction Co.,* 234 N.C. 443.

The facts alleged in the complaint are essential to plaintiffs' cause of action.   They are stated without any undue prolixity.   Hence the court below properly denied the motion to strike.

Affirmed.