CLAUDE R. GOLDING v. W. C. CASSTEVENS.

(Filed 16 June, 1961.)

**Contracts § 29—**

> The controversy between the parties was whether work done by the contractor after payment of the contract price was extra work for which he should be paid a stipulated sum per hour in accordance with the terms of the agreement, or whether it was work necessary to complete the project in accordance with the specifications, payment having been made prior to the completion of the project upon the contractor's promise to complete it. *Held:* An instruction that it was immaterial whether the original specifications were fulfilled and that the issue was whether the owner owed the contractor for any extra work done on the project, must be held for prejudicial error.

APPEAL by defendant from *Olive, J.,* November 1960 Civil Term of SURRY.

Plaintiff seeks to recover $1309 for extra work at a rate specified in a contract with defendant.

Defendant admitted the contractual relationship fixing the rate of pay for extra work. He denied the work for which plaintiff sought payment was in fact extra, alleging it was merely work done in the performance of the basic contract.

The case was submitted to a jury on the single issue as to the amount, if any, owing plaintiff. The jury answered the issue in favor of plaintiff. Judgment was entered thereon and defendant appealed.

*Woltz and Faw for plaintiff appellee.*
*Frank Freeman for defendant appellant.*

RODMAN, J.   Defendant desired to dam a stream and create a pond. For that purpose he and plaintiff entered into a contract which provided: "The base of this dam is 170 feet wide at the bottom. On the water side it is to be sloped 2 feet to 1 foot. The back side will be sloped 3 to 1. The total height of this dam will be 23 feet leaving the top level so it can be used for a roadway. The spillway will be graded to my satisfaction.

"If there is any extra work it will be done on an hourly basis at the rate of $11.00 per hour. The base bid for this dam will be $1,100.00."

Defendant paid plaintiff the contract price for constructing the dam. Plaintiff testified that at the time the payment was made the work of constructing the dam had been completed in accordance with the contract specifications, and defendant then instructed him to start working by the hour hauling more dirt and increasing the height of the dam. In addition to enlarging the dam, he subsoiled some land and did other extra work. Plaintiff rendered defendant a bill for $1893 for extra work, computed as follows:

| "49 hrs. subsoiling @ $9.00 | $ 441.00 |
| 132 hrs. @ $11.00 per hour | 1452.00 |
| (Changing creek, filling creek bed, | |
| panning dirt in bottom, leveling barn | |
| place and *work on dam.*) (Emphasis supplied) | |
| | $1893.00" |

Defendant paid plaintiff $584 for subsoiling and items claimed other than "work on dam."

Defendant testified he paid the contract price for constructing the dam before that work was completed and upon the promise and assurance by plaintiff that it would be completed in accordance with the contract. He denied that he authorized plaintiff to perform any extra work on the dam.

Plaintiff's right to recover was, because of conflict in the evidence, dependent upon the answer to this question: Had the dam been completed to conform to contract specifications when the $1100 was paid? If the jury should answer that question in the affirmative, plaintiff would be entitled to recover for the number of hours of extra work performed at $11 per hour. If the jury should accept defendant's contention, plaintiff would not be entitled to recover any sum. If the jury should find that a part of the work claimed as extra work was necessary to bring the dam up to contract specifications, plaintiff would not be entitled to recover for that portion, but defendant would

be liable for work done over and beyond the work necessary to complete the contract in accordance with specifications.

Appellant assigns as error the following portion of the charge: "The Court charges you as a matter of law that the evidence is uncontradicted that a written contract was entered into by the plaintiff and the defendant and that the defendant paid to the plaintiff the amount specified in this written contract for the work done according to specifications in the contract; and, therefore, as a matter of law the Court holds that that is not at issue as to whether or not the original specifications were fulfilled; it is only a matter as to whether the defendant owes the plaintiff anything for extra work done on the dam."

The vice of the charge is apparent. There could be no extra work by enlarging the dam until it had been completed to contract dimensions.

The fact that defendant, relying on plaintiff's promise to perform, paid before performance was complete would not obligate him to pay again when performance was complete nor prevent him from recovering the payments made if plaintiff failed to comply with his promise to perform. *Wells v. Foreman,* 236 N.C. 351, 72 S.E. 2d 765; *Sparrow v. Morrell & Co.,* 215 N.C. 452, 2 S.E. 2d 365.

New trial.