REBEKAH CHANTAY REVELS, PLAINTIFF v. MISS AMERICA ORGANIZATION, MISS NORTH CAROLINA PAGEANT ORGANIZATION, INC., ALAN CLOUSE, BILLY DUNCAN, CHARLENE HAY, DOUG HUFF, TOM ROBERTS, DAVID CLEGG, BEVERLY ADAMS, AND CANDACE RUSSELL, DEFENDANTS

No. COA06-477

(Filed 20 March 2007)

## 1. Contracts— beauty contest winner—franchise agreement—not third-party beneficiary

Plaintiff, a state beauty pageant winner who resigned her position after the state pageant organization learned of the existence of nude photographs of plaintiff, was not a third-party beneficiary of the franchise agreement between the state and national pageant organizations where plaintiff was not designated as a beneficiary under the agreement and there was no evidence that the agreement was executed for her benefit. A provision in the franchise agreement that the national organization will accept the winner of the state pageant as a contestant in the national pageant did not establish an intent by the parties to make plaintiff an intended beneficiary.

## 2. Contracts— state beauty contest winner—no implied contract with national organization

Plaintiff, a state beauty pageant winner who resigned her position after the state pageant organization became aware of the existence of nude photographs of plaintiff, did not have a contract implied in fact with the national pageant organization where the national pageant organization took videos and pictures of the contestants in the national pageant but took no videos or pictures of plaintiff.

## 3. Agency— beauty pageant—state organization not agent of national organization

A state beauty pageant organization did not sign a contract with plaintiff as agent of the national pageant organization under the franchise agreement between the two pageant organizations, and plaintiff had no contract with the national organization under the doctrine of respondeat superior, where the national organization had no control over the day-to-day operations or management of the state organization, and the franchise agreement specifically stated that it did not create an agency relationship.

Appeal by plaintiff from order entered 15 July 2005 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 8 January 2007.

*Barry Nakell for plaintiff appellant.*

*Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady Richardson, Jr., for Miss America Organization defendant appellee.*

McCULLOUGH, Judge.

Rebekah Revels ("plaintiff") appeals the order of the trial court granting summary judgment in favor of Miss America Organization as to all claims.

This Court has previously summarized and set forth the facts pertaining to the case at hand in its opinion issued in *Revels v. Miss Am. Org.*, 165 N.C. App. 181, 599 S.E.2d 54, *disc. review denied*, 359 N.C. 191, 605 S.E.2d 153 (2004). Following the previous appeal in which this Court affirmed the trial court's order denying Miss America Organization's ("MAO") amended motion to compel arbitration on the grounds that no contract existed between MAO and plaintiff, the trial court entered an order granting summary judgment in favor of defendant. It is from that order plaintiff appeals.

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendant where there was a genuine issue of material fact and defendants were not entitled to judgment in their favor as a matter of law.

Specifically, plaintiff contends that summary judgment was improperly granted where there was sufficient evidence that she was a third-party beneficiary under the franchise agreement between defendants MAO and Miss North Carolina Pageant Organization ("MNCPO"); that there was sufficient evidence that there was a contract between plaintiff and MAO where MNCPO signed plaintiff's contract as an agent for MAO; and further that there was sufficient evidence of an implied contract between plaintiff and MAO.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). A moving party

"has the burden of establishing the lack of any triable issue of fact[,]" and its supporting materials are carefully scrutinized, with all inferences resolved against it. *Kidd v. Early*, 289 N.C. 343, 352, 222 S.E.2d 392, 399 (1976).

### Third-party beneficiary

[1] Plaintiff contends on appeal that there was sufficient evidence that she is a third-party beneficiary under the franchise agreement between MAO and MNCPO to establish that there is a genuine issue of material fact.

In order to assert rights as a third-party beneficiary under the franchise agreement, plaintiff must show she was an intended beneficiary of the contract. This Court has held that in order to establish a claim as a third-party beneficiary, plaintiff must show:

> (1) that a contract exists between two persons or entities; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the [third party]. A person is a direct beneficiary of the contract if the contracting parties intended to confer a legally enforceable benefit on that person. It is not enough that the contract, in fact, benefits the [third party], if, when the contract was made, the contracting parties did not intend it to benefit the [third party] directly. In determining the intent of the contracting parties, the court "should consider [the] circumstances surrounding the transaction as well as the actual language of the contract." " 'When a third person seeks enforcement of a contract made between other parties, the contract must be construed strictly against the party seeking enforcement.' "

*Holshouser v. Shaner Hotel Grp. Props. One*, 134 N.C. App. 391, 399-400, 518 S.E.2d 17, 25, *disc. review denied*, 351 N.C. 104, 540 S.E.2d 362 (1999), *aff'd*, 351 N.C. 330, 524 S.E.2d 568 (2000) (internal citations and quotations omitted).

There was insufficient evidence before the trial court to support a conclusion that plaintiff was an intended beneficiary under the franchise agreement. Plaintiff was not designated as a beneficiary under the franchise agreement and there is absolutely no evidence that the franchise agreement was executed for her direct benefit. The franchise agreement does provide that MAO will accept the winner of the North Carolina pageant as a contestant in the national finals. However, this evidence is insufficient to establish a showing of intent

on the parties to make plaintiff an intended beneficiary. Further, the evidence adduced tended to show that the primary intent of the franchise agreement was to ensure uniformity among all franchisees and it provided the incidental benefit of allowing the winner of MNCPO's contest to compete in the national finals.

## Implied Contract

**[2]** Plaintiff next contends that there was sufficient evidence that plaintiff and MAO entered into an enforceable contract implied in fact.

" 'A "contract implied in fact,". . . arises where the intention of the parties is not expressed, but an agreement in fact, creating an obligation is implied or presumed from their acts[.]' " *Snyder v. Freeman*, 300 N.C. 204, 217, 266 S.E.2d 593, 602 (1980) (citation omitted). With regard to contracts implied in fact, however, "one looks not to some express agreement, but to the actions of the parties showing an implied offer and acceptance." *Id.* at 218, 266 S.E.2d at 602.

On appeal, plaintiff points to testimony regarding actions taken by MAO in preparation for the national finals as evidence of a contract implied in fact. The evidence showed that in preparation for the Miss America Pageant, MAO sent crews to compile an up-close and personal video of each contestant and further took pictures of each contestant for booklets to be published. However, the testimony further showed that MAO took such actions in preparing other contestants for the national finals, but never took any action in regard to the preparation of plaintiff. In fact there is no evidence at all of any actions which would constitute an implied offer from MAO, and therefore this assignment of error is overruled.

## Agency

**[3]** Plaintiff further contends that there was sufficient evidence that a contract existed between her and MAO where MNCPO signed her contract as an agent under the franchise agreement for MAO.

"Principles of agency arise when parties manifest consent that one shall act on behalf of the other and subject to their control." *Wood v. McDonald's Corp.*, 166 N.C. App. 48, 57, 603 S.E.2d 539, 545 (2004). "Whenever the principal retains the right 'to control and direct the manner in which the details of the work are to be executed' by his agent, the doctrine of *respondeat superior* operates to make the principal vicariously liable for the tortious acts committed by the agent

within the scope of their employment." *Id.* at 57-58, 603 S.E.2d at 546 (citation omitted).

A franchise agreement does not necessarily establish a principal/agent relationship between the franchisee and franchisor. Rather, it must be shown that the franchisor has control over the franchisee's day-to-day operations and management.

The evidence in the instant case tended to show that MAO had no control over the day-to-day operations or management of MNCPO. Rather, the purpose of the franchise agreement, as stated *supra*, was to ensure uniformity between all franchisees. In addition, the franchise agreement specifically stated that the agreement between MAO and MNCPO did not create an agency relationship.

Where this Court has found there to be sufficient evidence that there was no contract, express or implied in fact, it is unnecessary to address the remaining assignments of error on appeal.

Accordingly, the order of the trial court is affirmed.

Affirmed.

Chief Judge MARTIN and Judge LEVINSON concur.