UNITED STATES TRUST COMPANY, N.A., PLAINTIFF v. JOHN R. RICH, D. KENNETH DIMOCK, GLENDA R. BURKETT, ANTHONY P. MONFORTON, MARTHA JO BROOKS, WILLIAM W. WATSON, VIRGINIA B. SASLOW, SANDRA G. BOES, SUZANNE C. WILCOX, KIM M. VAN ZEE, AND KIMBERLY LEMONS, DEFENDANTS

No. COA10-253

(Filed 19 April 2011)

**1. Arbitration and Mediation— motion for rehearing denied—trial court familiarity**

   The trial court did not abuse its discretion by denying defendants' motion for rehearing concerning the issue of arbitration upon remand from the Court of Appeals in light of the trial court's familiarity with the case.

**2. Arbitration and Mediation— motion to stay litigation— motion to compel arbitration—associated person**

   The trial court did not err by denying defendants' motion to stay litigation and compel arbitration. Plaintiff did not qualify as an "associated person" under Financial Industry Regulatory Authority (FINRA) code of Arbitration Procedure for Industry Disputes or FINRA Bylaws, and plaintiff was not a third-party beneficiary of defendants' Form U-4s.

Appeal by defendants from orders entered 2 November 2009 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 October 2010.

*McGuireWoods, LLP, by Irving M. Brenner, John G. McDonald, Makila Sands Scruggs, and Monica E. Webb, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by Preston O. Odom, III and John R. Buric, for defendants-appellants.*

STEELMAN, Judge.

The trial court did not abuse its discretion in denying defendants' motion for re-hearing upon remand from the Court of Appeals. Where plaintiff does not qualify as an "associated person" under FINRA code of Arbitration Procedure for Industry Disputes or FINRA By-Laws and plaintiff was not a third-party beneficiary of defendants' Form U-4s, the trial court did not err in denying defendants' motion to stay litigation and compel arbitration.

**U.S. TRUST CO., N.A. v. RICH**

[211 N.C. App. 168 (2011)]

## I. Factual and Procedural History

United States Trust Company, N.A. ("plaintiff") is a wealth management services company. Plaintiff's Greensboro, North Carolina office primarily offered wealth management services to individual clients and investment management services to institutional clients. Plaintiff was alleged to have required its employees John R. Rich ("Rich"), D. Kenneth Dimock ("Dimock"), Glenda R. Burkett ("Burkett"), Anthony P. Monforton ("Monforton"), Virginia B. Saslow ("Saslow"), Martha Jo Brooks ("Brooks"), William W. Watson ("Watson"), and Suzanne C. Wilcox ("Wilcox") to register with the National Association of Securities Dealers, Inc., now called the Financial Industry Regulatory Authority ("NASD/FINRA"). In order to register with NASD/FINRA, each of the individuals listed above had to complete a Uniform Application for Securities Industry Registration or Transfer Form ("Form U-4") listing UST Securities, a subsidiary of plaintiff, as their member firm. Each of these Form U-4s contained an arbitration clause that read as follows:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm*, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [Self Regulatory Organization] as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*.

(emphasis in original). The only individual defendant employees who did not complete the Form U-4 were Sandra G. Boes ("Boes"), Kim M. Van Zee ("Van Zee"), and Kimberly Lemons ("Lemons").

In November of 2006, Bank of America announced that it would acquire plaintiff effective 1 July 2007. On 29 June 2007, defendants Saslow, Brooks, and Dimock resigned from plaintiff. On 2 July 2007 defendants Rich, Burkett, Monforton, Watson, Wilcox, Boes, Van Zee, and Lemons also resigned. Each of these defendants began employment with defendant, Stanford Group, presumably to perform duties similar to those they had performed for plaintiff. On 18 July 2007, plaintiff filed a complaint against Stanford Group, Saslow, Brooks, Dimock, Rich, Burkett, Monforton, Watson, Boes, Wilcox, Van Zee, and Lemons ("collectively defendants") alleging breach of contract, breach of duty of loyalty, conversion, tortious interference with contractual relations, unfair trade practices, civil conspiracy, and misappropriation of trade secrets and confidential information, N.C. Gen.

Stat. § 66-154 *et. seq.* The complaint also sought a temporary restraining order and preliminary injunction against defendants. On 3 August 2007, Judge Albert Diaz entered an order denying plaintiff's motion for a temporary restraining order. Defendants filed a motion to dismiss or in the alternative to stay proceedings and compel arbitration on 30 August 2007. This motion was denied by Judge Richard D. Boner on 20 September 2007, and defendants gave notice of appeal to this Court on 2 October 2007. Plaintiff voluntarily dismissed Stanford Group as a defendant on 21 November 2007. *U.S. Co., N.A. v. Standford Grp. Co.*, 199 N.C. App. 287, 289, 681 S.E.2d 512, 513, n.1 (2009).

> The order denying the motion to dismiss or to compel arbitration was not stayed. On 4 January 2008, [plaintiff] filed a motion for a preliminary injunction enforcing employment agreements allegedly entered into by defendants Rich, Burkett, Dimock, Monforton, Brooks, Watson, Wilcox, and Saslow. [Plaintiff] did not seek relief as to defendants Boes, Van Zee, and Lemons and ultimately withdrew its request for relief as to defendant Wilcox. On 28 January 2008, the trial court entered an order denying [plaintiff's] preliminary injunction motion as to defendants Dimock and Rich, but granting it in part as to Burkett, Monforton, Brooks, Watson, and Saslow. [Plaintiff] and the five defendants subject to the injunction filed a separate appeal from that order, COA08-472, which is the subject of a separate opinion.

*Id.*, 199 N.C. App. at 289, 681 S.E.2d at 513.

On appeal from Judge Boner's denial of defendants' motion to dismiss or in the alternative compel arbitration, this Court remanded to the trial court "to make adequate findings of fact as to whether a valid arbitration agreement existed between the parties." *Id.* at 288, 681 S.E.2d at 512-13. On 27 October 2009, defendants filed a motion for re-hearing on remand. Judge Boner entered an order denying defendants' motion for re-hearing on 2 November 2009. On that same day Judge Boner entered an order denying defendants' motion to dismiss or in the alternative to stay litigation and compel arbitration. On 2 December 2009, defendants gave notice of appeal from the two orders entered on 2 November 2009.

## II. Motion for Re-Hearing

**[1]** In defendants' first argument, they contend that the trial court erred by refusing to consider additional evidence and argument concerning the issue of arbitration upon remand from the Court of Appeals. We disagree.

### A. Standard of Review

We review the trial court's denial of defendants' motion for re-hearing on remand for an abuse of discretion. *See Steffes v. DeLapp*, 177 N.C. App. 802, 805, 629 S.E.2d 892, 895 (2006); *Pineville Forest Homeowners Ass'n v. Portrait Homes Constr. Co.*, 175 N.C. App. 380, 387, 623 S.E.2d 620, 625 (2006) ("On remand, the trial court may hear evidence and further argument to the extent it determines in its discretion that either or both may be necessary and appropriate."). "Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Mark Group Int'l, Inc. v. Still*, 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 (2002) (citation omitted).

### B. Analysis

We hold Judge Boner did not abuse his discretion in denying defendants' motion for re-hearing. At the time of Judge Boner's denial of defendants' motion for re-hearing on 2 November 2009, Judge Boner had been involved in the instant case for over two years, having first entered an order in the case denying defendants' motion to dismiss or in the alternative to stay proceedings and compel arbitration on 20 September 2007. The Burkett affidavit that defendants requested Judge Boner review during re-hearing was filed in the instant case on 11 January 2008. Judge Boner entered a preliminary injunction order in the case on 28 January 2008. In light of Judge Boner's familiarity with the case, his decision not to hold a re-hearing was not a decision "manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Mark*, 151 N.C. App. at 566, 566 S.E.2d at 161.

This argument is without merit.

### III. Motion to Stay Litigation and Compel Arbitration

[2] In defendants' second argument, they contend the trial court erred in denying their motion to stay litigation and compel arbitration. We disagree.

### A. Standard of Review

The question of whether a dispute is subject to arbitration is an issue for judicial determination. This determination involves a two-step analysis requiring the trial court to ascertain both (1) whether the parties had a valid agreement to arbitrate, and also

(2) whether the specific dispute falls within the substantive scope of that agreement.

. . . .

The trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary. However, the trial court's determination of whether a dispute is subject to arbitration is a conclusion of law that is reviewable *de novo* on appeal.

Slaughter *v. Swicegood*, 162 N.C. App. 457, 461, 591 S.E.2d 577, 580 (2004) (citations and quotations omitted).

### B. Findings of Fact

Defendants contend findings of fact thirteen, fifteen, and seventeen are not supported by the evidence. We disagree.

The challenged findings of fact are as follows:

13. There is no evidence that the [defendants] sold securities on behalf of UST Securities.

15. There is no evidence that UST Securities ever employed any of the Defendants.

17. There is no evidence that [plaintiff] reaped any more than a *de minimums* [sic] benefit from the relationship between the [defendants] and UST Securities.

We hold these findings are supported by competent evidence. The affidavit of Charlene Barrett, Vice President of Human Resources for plaintiff, states that "[t]he Individual Defendants were employed by [plaintiff]," and "were not employed by UST Securities Corp. and never received any compensation from UST Securities Corp." The affidavit of Scott Barber, the Chief Compliance Officer for UST Securities Corp., states that "[t]he Individual Defendants were not authorized to hold themselves out as registered representatives of UST Securities Corp., or use the name of [UST Securities Corp.] on their business cards." These affidavits support the findings of fact above. While defendants' affidavits made contradictory assertions, we reiterate that "[t]he trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have

supported findings to the contrary." *Slaughter*, 162 N.C. App. at 461, 591 S.E.2d at 580 (quotation omitted).

### C. "Associated Person"

Defendants argue that plaintiff qualifies as an "associated person" under NASD/FINRA Rules, and is therefore required to arbitrate under the provisions of Form U-4. We disagree.

Section 13200(a), entitled Required Arbitration, of the FINRA Code of Arbitration Procedure for Industry Disputes provides:

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

• Members;

• Members and Associated Persons; or

• Associated Persons.

It is undisputed that plaintiff was not a "member" under NASD/FINRA Rules, and we hold that plaintiff does not qualify as an "associated person" under those Rules. Article I, section (rr) of the FINRA By-Laws defines "person associated with a member" or "associated person of a member" as:

(1) a natural person who is registered or has applied for registration under the Rules of the Corporation; (2) a sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with the Corporation under these By-Laws or the Rules of the Corporation; and (3) for purposes of Rule 8210, any other person listed in Schedule A of Form BD of a member.

The definition of "associated person" in Section 13100(a) and (r) of the FINRA Code of Arbitration Procedure for Industry Disputes is nearly identical to the definition contained in the FINRA By-Laws. The only differences between the two definitions are that FINRA is substituted for Corporation in the definitions contained in the Code of Arbitration Procedure and the Code of Arbitration Procedure does

not contain subsection (3). A 1999 notice of NASD By-Law Amendment clarified that "associated person" describes only natural persons. 99-95 NASD ANNOUNCES CHANGES TO THE BY-LAWS ASSOCIATED PERSON DEFINITION (1999) ("[T]he amendments insert the word 'other' into subsection 2 of the definition of 'person associated with a member' to clarify that the subsection describes only natural persons.").

We hold that the term "associated person" refers only to natural persons. We recognize that this holding is contrary to the holding of this Court in *LSB Financial Services, Inc. v. Harrison*, 144 N.C. App. 542, 548 S.E.2d 574 (2001); however, the Form U-4 at issue in that case was executed prior to the 1999 NASD By-Law Amendment to the definition of "associated person" making clear that "associated persons" had to be natural persons. Therefore, *LBS* is distinguishable from the instant case and is not controlling. Plaintiff is not an "associated person" as defined by FINRA By-Laws and Code of Arbitration Procedure, and therefore is not required to arbitrate the instant dispute.

### D. Third-Party Beneficiary

Defendants' further argue that plaintiff is a third-party beneficiary of the contracts (Form U-4s) executed by NASD/FINRA and defendants listing UST Securities as defendants' member firm. We disagree.

This Court has held that in order to establish a claim as a third-party beneficiary, plaintiff must show:

(1) that a contract exists between two persons or entities; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the [third party]. A person is a direct beneficiary of the contract if the contracting parties intended to confer a legally enforceable benefit on that person. It is not enough that the contract, in fact, benefits the [third party], if, when the contract was made, the contracting parties did not intend it to benefit the [third party] directly. In determining the intent of the contracting parties, the court should consider [the] circumstances surrounding the transaction as well as the actual language of the contract.

*Revels v. Miss Am. Org.*, 182 N.C. App. 334, 336, 641 S.E.2d 721, 723 (2007) (quotations omitted, alterations in original), *disc. review denied*, 361 N.C. 430, 648 S.E.2d 844 (2007).

Defendants only challenged findings of fact thirteen, fifteen, and seventeen. We have held that these findings are supported by compe-

tent evidence, and that these findings in combination with other unchallenged findings support the trial court's conclusion that plaintiff is not a third-party beneficiary of defendants' Form U-4s.

The trial court made the following findings of fact:

8. In order to apply for licensure [with NASD/FINRA], the [defendants] were required to complete a Form U-4 and file it with the NASD/FINRA. The Form U-4 contains an arbitration clause that states in part: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules[.]" The Form U-4 requires that the applicant identify his or her firm's name.

9. The Form U-4 is an agreement between the person seeking licensure and the NASD/FINRA.

. . . .

14. The [defendants] did not receive compensation from UST Securities.

. . . .

16. [Plaintiff] did not employ the Defendants as securities brokers.

These findings of fact together with findings of fact thirteen, fifteen, and seventeen make clear that defendants and NASD/FINRA did not intend the Form U-4s they executed to benefit plaintiff directly. *Revels*, 182 N.C. App. at 336, 641 S.E.2d at 723. The language of the Form U-4 contract only requires that disputes between the defendants and their firms be arbitrated or between defendants and others as required by NASD/FINRA Rules. It is undisputed that plaintiff is not defendants' member firm. Further as discussed above in the section addressing "associated persons," we held that plaintiff is not an "associated person" under the NASD/FINRA Rules with whom defendants are required to arbitrate. The actual language of the Form U-4 and related NASD/FINRA Rules do not demonstrate any intent on the part of the contracting parties to directly benefit plaintiff. *Id.*

"[T]he circumstances surrounding the transaction" also reveal the lack of intent of the contracting parties to directly benefit plaintiff. *Id.* As found by the trial court, there is no evidence that the defendants were employed in any way by UST Securities or that plaintiff received any more than a *de minimus* benefit from the rela-

tionship created by the Form U-4 between defendants and UST Securities. For these reasons we hold that the trial court properly determined that plaintiff was not a third-party beneficiary of defendants' Form U-4s, and that plaintiff was therefore not required to arbitrate its dispute with defendants.

Defendants also argue in footnote six of their brief that "[t]he doctrine of equitable estoppel likewise prevents Plaintiff from eschewing Form U-4's arbitration provision while, at the same time, directly benefitting from the Registrants' mandatory licensure with NASD/FINRA." As discussed above, plaintiff did not directly benefit from defendants' registration with NASD/FINRA; therefore, this argument is without merit.

AFFIRMED.

Judges BRYANT and ERVIN concur.