DILLON, Judge, dissenting.
I do not believe that the trial court's findings support its conclusion that the HOA was unjustly enriched by its receipt of dues from Homeowner from 2002-2014. Rather, as the HOA argues, the findings support a conclusion that the parties had a contract, implied-in-fact, whereby the parties agreed-as evidenced by their conduct-that the *359 HOA would allow Homeowner access to amenities/benefits in return for the dues paid by Homeowner. See Revels v. Miss Am. Org. , 182 N.C.App. 334, 337, 641 S.E.2d 721, 724 (2007) ("With regard to contracts implied in fact, ... one looks not to some express agreement, but to the actions of the parties showing an implied offer and acceptance.").
As shown by the uncontradicted evidence in the record, the trial court essentially found that (1) Plaintiff ("Homeowner") purchased her home in 2002 believing she would be part of the Defendant homeowners' association (the "HOA"), allowing her access to the HOA amenities in exchange for her payment of dues;[13] (2) Homeowner paid the HOA dues for a number of years; (3) the HOA provided *247 Homeowner access to amenities;[14] (4) in 2014, the HOA sent Homeowner a letter which informed Homeowner that the HOA had learned that Homeowner's home was not included as part of the recorded HOA declarations, but that the HOA was willing to execute the necessary paperwork for filing to include her home in the declarations.[15]
I do not agree with the majority that the trial court's finding that Homeowner "rarely, if ever" used the HOA amenities has any bearing: The implied-in-fact contract was that Homeowner was paying for access to the HOA amenities; the actual number of times Homeowner took advantage of her right of access is not relevant.[16] The trial court essentially found that Homeowner was provided this benefit of access, stating that the HOA provided a swimming pool and tennis courts. See Miles v. Carolina Forest Ass'n , 167 N.C.App. 28, 37, 604 S.E.2d 327, 333-34 (2004) (holding that an implied-in-fact contract existed where plaintiffs, who were lot owners in a subdivision, received benefits to their properties and that plaintiffs were on notice that these benefits were being *360 incurred).[17] The effect of the presence of an implied-in-fact contract, here, is similar to an express contract to join a health club: The dues are earned by the club whether the member uses the facilities thirty times each month, or never. Accordingly, I respectfully dissent.
While I agree with the majority that the HOA is bound by the trial court's findings , I note that many of the statements designated as "findings" are actually mislabeled conclusions of law. For instance, the trial court's statement that the HOA "had no legal right to require or receive payments from [Homeowner]" is clearly a legal conclusion.
Also, the trial court's statement that "[Homeowner] ... had [no] reasonable way of knowing that there was no legal obligation" to pay assessments is a conclusion of law. Whether Homeowner had a legal obligation to pay dues is a question of law. And the statement that Homeowner had no reasonable way of knowing that her home was not part of the HOA declaration is incorrect as a matter of law. Specifically, our Supreme Court has long recognized the bedrock principle that, as a matter of law, "a purchaser [of real estate] is charged with notice of the contents of each recorded instrument constituting a link in [her] chain of title and is put on notice of any fact or circumstance affecting [her] title which any such instrument would reasonably disclose." Randle v. Grady , 224 N.C. 651, 656, 32 S.E.2d 20, 22 (1944). See also Hughes v. N.C. State Highway , 275 N.C. 121, 130, 165 S.E.2d 321, 327 (1969) ; Turner v. Glenn , 220 N.C. 620, 625, 18 S.E.2d 197, 201 (1942) ; Holmes v. Holmes , 86 N.C. 205, 209 (1882) ; Harborgate Prop. Owners Ass'n v. Mt. Lake Shores , 145 N.C.App. 290, 293-94, 551 S.E.2d 207, 210 (2001).[18]
Finally, I note that the HOA states in its brief that "[t]he findings of fact in this matter simply do not support the trial court's conclusion of law that [Homeowner's] payment of assessments to [the HOA] unjustly enriched [the HOA]." Assuming that this statement is sufficient to preserve our consideration beyond the HOA's arguments concerning *248 an implied-in-fact contract and estoppel, I note that the Supreme Court has held that an unjust enrichment occurs where a party to a contract *361 which is technically unenforceable "expends money as contemplated by the contract, and the other party to the contract consciously receives or accepts the benefits thereof and then fails or refuses to perform his part of the special contract[.]" Wells v. Foreman , 236 N.C. 351, 354, 72 S.E.2d 765, 767 (1952). Here, Homeowner did expend money. The trial court's findings, however, also reveal that the HOA did not fail or refuse to perform its part of the agreement, but in fact recognized Homeowner as a member of the HOA and provided her with full access to its amenities. Therefore, based on Wells , the HOA has not been unjustly enriched.

This finding is supported by Homeowner's admission that she believed she would be part of the HOA when she bought her home; that the appraisal ordered by her lender states that the home she was buying included the right to access HOA amenities (swimming pool and tennis courts); and that the HOA accounting reflects dues she paid to the HOA as part of her 2002 closing.

This finding is supported by Homeowner's admission that the HOA provided her with a key to the HOA pool; that she used it on occasion (though not often); and that she attended at least one HOA meeting.

The letter identified in the trial court's finding is part of the record.

The trial court's "rarely, if ever," phrase is imprecise. The record, however, is uncontradicted. Homeowner admitted that the HOA provided her with a key to the pool; that she did use the pool on a few occasions; that she did call the HOA on occasions about HOA issues; and that she attended at least one HOA meeting.

I note that the HOA also argues "estoppel." I agree that alternatively Homeowner is estopped from claiming a refund of her dues. The findings showed that she acted as if she were a member of the HOA and had access to the HOA amenities.

Any suggestion that the HOA has failed to challenge the mislabeled conclusions of law would be overly technical. Though the HOA may not have referred to the trial court's mislabeled conclusions expressly , the HOA's main argument is that the Homeowner did have a legal obligation to pay dues, based on a contract, implied-in-fact, in return for the years of access she had to the HOA amenities.